■ ROBERT M. LEWIS et al., Appellants, v. BORG-WARNER CORPORATION et al., Respondents, and NORMAN P. DICKERSON et al., Defendants.— In a negligence and breach of warranty action to recover damages for personal and property injuries and for loss of services, etc., plaintiffs appeal (1) from so much of an order of the Supreme Court, Orange County, dated November 15, 1971, as granted a cross motion by defendants Borg-Warner Corporation and Norge Sales Corp. for summary judgment dismissing the complaint as against them, excepting the causes of action of plaintiff Nancy Heath against Norge Sales Corp., and (2) from so much of a judgment of said court, entered January 5, 1972, as dismissed the complaint as against said defendants, excepting the causes of action of plaintiff Nancy Heath against defendant Norge Sales Corp. Order and judgment reversed insofar as appealed from, with $20 costs and disbursements, and cross motion of defendants Borg-Warner Corporation and Norge Sales Corporation denied. Upon the prior appeal herein by defendants Borg-Warner and Norge, we held, following our remission of the case for a hearing as to whether the Statute of Limitations (CPLR 207) had been tolled, that the statute had been tolled with respect to Borg-Warner but not with respect to Norge (*Lewis* v. *Borg-Warner Corp.*, 35 A D 2d 722, 37 A D 2d 609). That determination, made in connection with an appeal by Borg-Warner and Norge from an order granting the motions of the third-party defendants to dismiss the third-party complaint, was not dispositive of the cross motion at bar by Borg-Warner and Norge for summary judgment, for it was made upon an appeal from an order affecting only the parties in the third-party action (see *Lewis* v. *Borg-Warner Corp.*, 64 Misc 2d 454). Hence, Borg-Warner and Norge failed to allege, in support of their cross motion, facts which, in the case of Borg-Warner, proved that it was not liable upon plaintiffs' claims and, in the case of Norge, proved that the Statute of Limitations had not been tolled (*Beresovski* v. *Warszawski*, 28 N Y 2d 419). Hopkins, Acting P. J., Munder, Martuscello, Shapiro and Brennan, JJ., concur.

■ LESLIE A. MOSCA, an Infant, by Her Parent SHIRLEY MOSCA, et al., Respondents, v. DENISE PENSKY, Defendant, and HERBERT PENSKY, Defendant and Third-Party Plaintiff-Appellant. VILLAGE OF PELHAM MANOR et al., Third-Party Defendants.— In a negligence action to recover damages for personal injuries, etc., defendant Herbert Pensky appeals from an order of the Supreme Court, Westchester County, dated February 1, 1973, which (1) denied his motion for a protective order against discovery and inspection by plaintiffs of his automobile liability insurance policy and (2) granted plaintiffs' cross motion for discovery and inspection of the policy. Order reversed, without costs, motion of defendant Herbert Pensky granted, and plaintiffs' cross motion denied. This case is not distinguishable from *Fierman* v. *Cirillo* (40 A D 2d 976), in which we stated that it was an improvident exercise of discretion to grant discovery and inspection of a defendant's liability insurance policy. We now hold, however, that such disclosure in this case should be denied as a matter of law. In our opinion, permitting discovery and inspection of the policy would contravene the provisions of CPLR 3101, since the policy is not "evidence material and necessary in the prosecution or defense of" the action. The disclosure desired may only be effected by the Legislature or by rule of the Administrative Board. Gulotta, Christ and Brennan, JJ., concur; Hopkins, Acting P. J., and Latham, J., dissent and vote to affirm on the opinion of the Justice at Special Term in which the issue was properly decided as a question of discretion (*Mosca* v. *Pensky*, 73 Misc 2d 144).