Frederick B. Bryant, J.
The plaintiffs move for an order directing the defendants to divulge the liability insurance coverage which is available to satisfy part or all of any judgment which may be entered in this action. Such motion is made pursuant to CPLR 3101 (subd [f]) recently enacted by the New York State Legislature and effective on and after August 6, 1975. (L 1975, ch 668, § 1.)
The above section is a part of the general provisions of the CPLR pertaining to the scope of pretrial discovery. Its purpose was to permit discovery of the existence and contents of a liability insurance agreement.
The defendants have set forth several reasons why they claim they should not be required to comply with the demand for discovery of the insurance policy. These arguments may be disposed of in order.
First, the defendants object to the demand on the grounds that pretrial proceedings have not been completed. They point out that although this case is on the trial calendar it was placed on the calendar with the understanding that further pretrial proceedings would be completed, including physical examinations. This is not a valid reason for a denial of the discovery sought in this case. The rules with reference to the filing of a note of issue and statement of readiness are clear. After a note of issue has been served, unless a motion is made within 20 days thereafter to have the case removed from the calendar on the grounds that the filing of the note of issue is premature, there is no subsequent right to a removal. Parties who permit the contingent filing of notes of issue do so at their own risk.
Secondly, it is urged that the statute does not speak in terms of any corporate entity issuing the insurance. Apparently, the defendants take the position that since the statute refers to an insurance agreement under which any "person carrying on an insurance business” would be required to make disclosure, a corporation is excluded. This is contrary to the *158 provisions of section 37 of the General Construction Law which provides that the term "person” includes a corporation.
The defendants further object that disclosure of the insurance policy limits may lead to amendment of the ad damnum clause in the complaint. An amendment of the demand in the complaint can only be granted where the plaintiff makes a showing that the damages suffered by the plaintiff and previously unknown support such increased demand. The fact that there may be more money available to pay a judgment than previously expected is not a grounds for amending the demand.
The defendants also object to the disclosure of the policy limits on the grounds that since no negotiations for settlement have as yet occurred, such disclosure is premature and would be prejudicial to settlement negotiations. However, it is obviously the intention of the Legislature that settlement negotiations be conducted with full knowledge of the amount of insurance coverage available. Settlement negotiations can best be conducted when all of the facts are before the court and the parties. One of the factors which enters into any settlement negotiation is the amount of money available to pay the plaintiff’s demand. The plaintiffs should not be compelled to negotiate with the defendants in the dark. It is the opinion of this court, and the opinion of other courts which have in the past attempted to grant disclosure of insurance limits to plaintiffs on pretrial discovery, that the likelihood of settlement of the action is greater if the policy limits are disclosed prior to the trial.
Finally, the defendants urge that the statute itself is unconstitutional since it calls for the disclosure of confidential information. This court is not aware of any statute or rule of law which prevents the disclosure of the terms of an insurance contract. There is no confidential relationship recognized by law between an insured and his carrier and certainly public policy would not support such confidentiality where the disclosure of policy coverage might lead to a disposal of litigation.
The entire question of the disclosure of liability insurance policy limits has been the subject of cases prior to the enactment of the present statute. Although the attempts by lower courts to grant pretrial discovery of such insurance has been thwarted by the rulings of the Appellate Divisions throughout the State, the fact that courts on the trial level have been *159 willing to grant pretrial discovery of such coverage is an indication that courts in general favor full disclosure of all factors which will aid in the disposition of actions prior to trial. In the case of Mosca v Pensky (73 Misc 2d 144, revd 42 AD2d 708), Justice McCullough, at Special Term, sets forth at length the basic policy considerations which should be followed allowing such disclosure as well as the legal background for the granting of such relief. As was pointed out in that case, disclosure of insurance has heretofore been permissible where it bears on the issue of ownership or control or other issues of the case in which such liability insurance is relevant. On the question of confidentiality it should be noted that there has never been any question raised concerning the right to such disclosure after verdict.
The only effect of the present statute is to permit such disclosure before trial at a time when meaningful pretrial negotiations may lead to a disposition of the litigation. This was considered by the Legislature following comments by appellate courts that the only manner in which such discovery could be obtained would be by legislative enactment.
The motion is granted and the defendants are ordered to disclose their liability policy coverage and the content of their insurance to the plaintiffs within three days following service of the order herein, with notice of entry.