OPINION OF THE COURT
Carrol S. Walsh, J.
Motion by plaintiffs for insurance disclosure pursuant to CPLR 3101 (subd [f]). Defendants oppose the motion on the *209 ground that the demand by plaintiffs for such disclosure was made after the note of issue and statement of readiness had been filed by the attorneys for plaintiffs. It is the position of defendants that such filing indicates that the case is ready for trial and that, thereafter, no further preliminary proceedings should be allowed.
The statement of readiness rule (22 NYCRR 861.10) was designed to keep off the trial calendar those cases which were not actually ready for trial and, thus, prevent undue calendar congestion (Cerrone v S’Doia, 11 AD2d 350, 352). Too often in the past, cases on the calendar when reached in their regular course were found to be not ready for trial because of the failure to undertake or complete proceedings preliminary to trial. The result was delays and clogged calendars.
In its application, the rule provides that once an action is placed on the calendar, no further preliminary proceedings can be had, except in the case of unusual or unanticipated conditions. The attorney for the filing party is required to state, in writing, that there has been a reasonable opportunity to complete preliminary proceedings or that the parties do not intend to conduct such proceedings as a predicate for the final statement that the case is ready for trial. Safeguards are included in the rule to protect a party against premature filings. In such cases, the affected party may move to strike the note of issue.
The statement of readiness rule is strictly enforced and has been applied to preclude a party from obtaining an examination before trial (Cassidy v Kolonsky, 37 AD2d 880), bills of particulars (Edwards Corp. v Romas, 36 AD2d 789) and other preliminary proceedings (see cases cited in Mosca v Pensky, 73 Misc 2d 144, 146-147). The reason for strict enforcement of the rule is obvious. One who has filed a statement that the case is ready for trial or any other party who has allowed such a statement to stand without challenge, should not be permitted to come into court at a later date and say that the action is not ready for trial and that further preliminary proceedings are required. Granting relief in such cases, in the absence of unusual or unanticipated conditions, would do violence to the rule and frustrate its purpose.
The considerations which mandate a denial of disclosure in the usual cases, however, are not present in the motion before the court. Here, there is no conflict or inconsistency between the demand for disclosure of insurance coverage and the *210 statement that the case is ready for trial. The within action was ready for trial when the note of issue was filed and its readiness for trial is in no way lessened by the current demand for disclosure.
Moreover, there is nothing in the language of CPLR 3101 (subd [f]) which limits disclosure of insurance coverage to a particular time or stage of the action. Neither is there anything in the pertinent statutes or decisional law that has been called to the attention of the court categorizing a demand for disclosure of insurance coverage as a "preliminary proceeding” as that term is employed in the statement of readiness rule. On the other hand, there is at least one decision indicating that such disclosure is more appropriate following the filing of the note of issue (Mosca v Pensky, 73 Mise 2d 144, supra, revd on other grounds 42 AD2d 708).
The rationale of the prior decisions denying disclosure of insurance coverage was that such disclosure generally was not material or necessary to the prosecution or defense of an action and, thus, not discoverable under CPLR 3101 (subd [a]) (Shutt v Pooley, 43 AD2d 59). With the enactment of CPLR 3101 (subd [f]), the Legislature made insurance coverage discoverable without reference to the limitations of CPLR 3101 (subd [a]). A major purpose of the new subdivision was to provide litigants with a useful tool to encourage and facilitate settlements of pending actions in the continuing effort to relieve calendar congestion (see Siegel, Practice Commentaries, 1975, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:47). It follows, therefore, that such disclosure should be available at any time, without regard to the statement of readiness, to achieve the legislative purpose of the new enactment.
Accordingly, the motion of the plaintiff is granted.