OPINION OF THE COURT

Per Curiam.

Order entered September 5,1980 is modified to the extent of reversing so much thereof as denied plaintiff’s motion to strike Item No. 5 of the third-party defendants’ interrogatories, and, as so modified, affirmed, without costs; Item No. 5 of those interrogatories is stricken.
*125 The controverted areas of disclosure sought by the third-party defendants are: (1) inquiry as to whether an appraisal was made by a representative of Reliance Insurance Co., ostensibly the real party in interest, of certain water damage incurred by the plaintiff (if so, by whom the appraisal was made, the date of the appraisal, where the appraisal took place and a request that the appraisal be produced); and (2) a request that sc copy of plaintiff’s insurance policy covering the plaintiff be produced. The court below held both of these areas of inquiry discoverable.
The third-party defendants are entitled to the information which they request concerning the appraisal. Whether an appraisal of damage has been made and by whom may provide the third-party defendants with sources and leads relevant to the issue of damages, and consequently Special Term correctly concluded such information to be disclosable. (See C & H Refining Co. v Holmes Protection, 54 AD2d 538.)
We do not, however, believe third-party defendants are entitled to disclosure concerning plaintiff’s insurance policy. Prior to the amendment of CPLR 3101, the definitive rule existing in New York had been that a plaintiff could not, as part of discovery, obtain of defendant’s liability insurance policy. The leading case of Mosca v Pensky (42 AD2d 708) had held that that defendant’s insurance policy was irrelevant to maintenance of the plaintiff’s action and thus was not required to be disclosed under the “material and necessary” provisions of the CPLR’s discovery section — 3101 (subd [a]).
Criticism of this stance resulted in the enactment of CPLR 3101 (subd [f]), which reads: “A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.”
The purpose behind passage of CPLR 3101 (subd [f]) was to accelerate settlement of claims by affording the plaintiff *126 knowledge of the limits of defendant’s liability policy. (Siegel, New York Practice, § 344, p 422.) That this was the policy of CPLR 3101 (subd [f]) is borne out by that statute’s legislative history. The memorandum of the bill states: “The purpose of this bill is to permit the plaintiff in an action to obtain information regarding the policy of insurance as to coverage and limits of liability” (NY Legis Ann, 1975, p 59).
Clearly, then, both the language and the history of CPLR 3101 establish beyond peradventure that CPLR 3101 (subd [f]) was intended to apply only where it is plaintiff who seeks to discover the terms of defendant’s liability insurance. Here, where the reverse is the case, and defendants seek divulgence of plaintiff’s first-party policy, the limited exception carved out by CPLR 3101 (subd [f]) allowing disclosure of defendants’ policy should be respected, and policies not required to be disclosed by that statute should be immune from discovery. This should particularly be the case in view of the New York courts’ long-standing view that insurance policies are not fitting objects of discovery.
Moreover, it is difficult to see how disclosure of the terms of plaintiff’s property damage policy will advance either the conduct of the litigation or possible settlement of the case. Where a liability policy is disclosed, settlement may be encouraged because the entire course of prospective litigation or, indeed, the decision whether to initiate the lawsuit may be shaped by the amount of assets (represented by the liability policy) potentially recoverable by plaintiff. Not so here, where plaintiff’s policy is the sought-after material. If plaintiff gains redress for his damages from his insurer, undoubtedly that entity as subrogee will continue prosecuting the claim. (Apparently, the insurer in the instant case is not a party to the suit.) If no payment is made, then plaintiff will take the initiative in suing defendant for his loss. In either instance, plaintiff’s policy is an item devoid of any substantive impact on resolution of this case and thus, this interrogatory must be stricken.
Concur: Hughes, J. P., Tierney and Riccobono, JJ.