PCB Piezotronics, Inc., Respondent, v Nicholas D. Change et al., Appellants.

All concur, except Boomer, J. P., and Pine, J., who dissent and vote to reverse in the following Memorandum.

Boomer, J. P., and Pine, J. (dissenting). We respectfully dissent. The materials demanded by plaintiff in its motion to produce, which consisted of correspondence and other memoranda from defendants' insurance company, are not "material and necessary in the prosecution" of plaintiff's cause of action (CPLR 3101 [a] [1]), and CPLR 3101 (f) does not require their production. Subdivision (f) of CPLR 3101 provides that a party may obtain discovery of "the existence and contents of any insurance agreement" by which an insurance company may be liable to satisfy a judgment in the action. The language of the statute is clear and unambiguous. The statute should be construed according to the ordinary meaning of its words *(Riegert Apts. Corp. v Planning Bd.,* 57 NY2d 206; McKinney's Cons Laws of NY, Book 1, Statutes § 76). Defendants fully satisfied the requirements of that subdivision when they delivered to plaintiff a copy of their insurance policy. The holding of the majority and of the courts in *Kimbell v Davis* (81 AD2d 855) and in *Folgate v Brookhaven Mem. Hosp.* (86 Misc 2d 191) requires defendants to produce materials beyond those required by the express language used by the Legislature. (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Discovery.) Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.