OPINION OF THE COURT
Michael D. Stallman, J.
Defendants move for an order of preclusion against the plaintiff as to matters set forth in the complaint due to plaintiff’s failure to timely comply with a demand for a bill of *1048 particulars and various document disclosure requests. In this action, plaintiff seeks to recover the amount paid to its insured for water damage allegedly caused by the negligence of defendants in their ownership and control of the subject premises.
On or about November 3, 1992, defendants served a demand for a bill of particulars upon plaintiff. On or about April 27, 1993 plaintiff served a verified bill of particulars and a response to various discovery notices. At that time, defendants indicated to plaintiff that this motion would not be withdrawn until plaintiff provided defendants with a copy of St. Paul’s policy of insurance with Robert Signey Furs, Inc. Plaintiff contends that this policy is not discoverable pursuant to CPLR 3101 (f), citing Spotlight Co. v Imperial Equities Co. (107 Misc 2d 124).
In Spotlight Co. (supra) the Appellate Term, First Department, denied the third-party defendant disclosure of the plaintiff’s insurance policy because it was clearly not relevant to the issues of liability or damages within the context of that litigation so as to permit disclosure under CPLR 3101 (f). Defendants claim that the Spotlight case is distinguishable because that case was not a subrogation action. Here, defendants claim that disclosure is not only permissible but dispositive to the issue of whether or not plaintiff insurance company can maintain this action.
CPLR 3101 (f) was intended to abrogate the traditional policy against disclosure of the contents of a liability insurance policy in a garden-variety tort case, where the plaintiff suing the alleged tortfeasor attempts to learn whether or not defendant is insured, for how much and under what circumstances. The issue at hand is very different, to wit, a question of whether the plaintiff, a liability insurer suing under a theory of subrogation, has the legal capacity to maintain suit against defendants. Whether viewed as a question of capacity or standing, or as an element of plaintiff’s cause of action, the threshold issue posed here is one which cannot be ignored. It is clearly a crucial issue for defendants and one which defendants are entitled to explore during the course of disclosure. It is the contract of insurance between plaintiff and its insured which would be the source of plaintiff’s right to sue under a theory of subrogation. To deny defendants access to the very document probative of this issue would be fundamentally unfair, amounting to a denial of due process. The traditional view that insurance is not disclosable in tort litigation, and *1049 the statutory remediation effected by CPLR 3101 (f), are not germane to the situation presented here. Under the circumstances presented, the subrogation provision of the insurance policy may well be outcome determinative; accordingly, it is "material and necessary” to the preparation of defendants’ case. (CPLR 3101 [a].) It therefore must be disclosed.
At oral argument, counsel for plaintiff claimed that the policy is an aggregation of many different forms and riders, which could not be reconstructed without difficulty. This assertion, although not disputed, somewhat strains credulity. However, given the narrow issue presented, there is no need to direct disclosure of the entire policy if it would serve no relevant purpose to the litigation. Accordingly, plaintiff is directed to disclose to defendants whether its policy with the insured contains a subrogation waiver clause. If so, plaintiff shall turn over a copy of all policy documentation or riders containing or referring to such clause. If the policy does not contain such a clause, plaintiff shall disclose to defendants the basis for reaching that conclusion, accompanied by whatever policy provision or other evidence was used by plaintiff to support this conclusion.
Accordingly, defendants’ motion is granted only to the extent that plaintiff is directed to provide this information concerning the existence of a subrogation waiver clause to defendants within 90 days of today’s date.