OPINION OF THE COURT
Herbert Kramer, J.
Are title insurance policies discoverable?
This is an action for damages arising out of defendant’s alleged unlawful occupation of plaintiff’s property, to which defendant has interposed the defense of adverse possession. Plaintiff seeks discovery of the certificate of title inspection and policy of title insurance issued to defendant in connection with the property in question. Defendant has refused to supply this information contending that insurance agreements are *332 not discoverable and that the exception created under CPLR 3101 (f) for certain insurance agreements does not include the title insurance requested here. Plaintiff now seeks an order pursuant to CPLR 3126 striking defendant’s answer for his failure to comply with this demand.
"CPLR 3101 (f) was intended to abrogate the traditional policy against disclosure of the contents of a liability insurance policy in a garden-variety tort case where the plaintiff suing the alleged tortfeasor attempts to learn whether or not defendant is insured, for how much and under what circumstances.” (St Paul Fire & Mar. Ins. Co. v Bernstein Mgt. Corp., 158 Misc 2d 1047, 1048 [Civ Ct, NY County 1993].) Here the documents are being sought for a different purpose. As the plaintiff contends, "Defendant’s sole defense is founded on a claim of adverse possession. A singular irreplaceable element of a successful claim of adverse possession is 'color of title,’ i.e., the defendant must establish a reasonable basis for the belief that the disputed land was purchased by him.” The certificate of title and the title policy insurance are documents that would be a source of information directly relevant to a resolution of this issue.
"It is settled law that parties to an action are entitled to reasonable discovery of 'any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity’ * * * CPLR 3101 (a), which permits discovery of 'all evidence material and necessary in the prosecution or defense of an action’, has thus been liberally construed to include evidence required for preparation for trial, as well as 'testimony or documents which may lead to the disclosure of admissible proof.” (Matter of Southampton Taxpayers Against Reassessment v Assessor of Vil. of Southampton, 176 AD2d 795, 796 [2d Dept 1991].) Thus, even assuming arguendo that the discovery materials sought here do not fall within the ambit of subdivision (f) of this section, the title documents constitute matter that is "material and necessary” in the preparation of the plaintiff’s case and must be disclosed under subdivision (a) of CPLR 3101.
Accordingly, plaintiff’s motion is granted only to the extent that defendant is directed to provide the title report and title insurance policy requested by plaintiff within 30 days of this decision.