# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**368**

**CA 13-01136**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

RYAN NICASTRO, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY,
DEFENDANT-APPELLANT.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (MARCO CERCONE OF COUNSEL), FOR DEFENDANT-APPELLANT.

DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (ELIZABETH A. KRAENGEL OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 3, 2013 in a breach of contract action. The order, insofar as appealed from, granted in part the motion of plaintiff and thereby compelled production of approximately 200 pages of previously withheld or partially redacted documents.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the motion is denied in its entirety.

Memorandum: On appeal from an order that granted in part plaintiff's motion and thereby compelled production of approximately 200 pages of previously withheld or partially redacted documents, defendant contends that the documents are protected by the attorney-client and attorney work product privileges. We agree. We note at the outset that, with respect to other documents, e.g., documents relating to insurance reserve information, claims expenses, subrogation interests, expenses incurred by attorneys, and documents created after commencement of the action, the order issued by Supreme Court requiring disclosure of those documents conflicts with the court's decision denying such disclosure. It is well settled that, "[w]here, as here, there is a conflict between an order and a decision, the decision controls" (*Wilson v Colosimo*, 101 AD3d 1765, 1766 [internal quotation marks omitted]).

A party seeking to invoke the attorney-client privilege must show that "the information sought to be protected from disclosure was a 'confidential communication' made to the attorney for the purpose of obtaining legal advice or services . . . [, and] the burden of proving each element of the privilege rests upon the party asserting it" (*Matter of Priest v Hennessy*, 51 NY2d 62, 69; *see generally PCB*

*Piezotronics v Change*, 179 AD2d 1089, 1089; *Central Buffalo Project Corp. v Rainbow Salads*, 140 AD2d 943, 944). "For the privilege to apply when communications are made from client to attorney, they 'must be made for the purpose of obtaining legal advice and directed to an attorney who has been consulted for that purpose.' . . . [F]or the privilege to apply when communications are made from attorney to client—whether or not in response to a particular request—they must be made for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship" (*Rossi v Blue Cross & Blue Shield of Greater N.Y.*, 73 NY2d 588, 593).

It is well settled that "[t]he payment or rejection of claims is a part of the regular business of an insurance company. Consequently, reports which aid it in the process of deciding which of the two indicated actions to pursue are made in the regular course of its business" (*Bertalo's Rest. v Exchange Ins. Co.*, 240 AD2d 452, 454-455, *lv dismissed* 91 NY2d 848 [internal quotation marks omitted]; *see Landmark Ins. Co. v Beau Rivage Rest.*, 121 AD2d 98, 101). Notably, "while information received from third persons may not itself be privileged . . . , a lawyer's communication to a client that includes such information in its legal analysis and advice may stand on different footing. The critical inquiry is whether, viewing the lawyer's communication in its full content and context, it was made in order to render legal advice or services to the client" (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 379).

Here, defendant did not retain counsel to perform the work of an adjuster or otherwise to handle claims. Defendant itself evaluated plaintiff's claim and determined that it was obligated to pay and did pay him in excess of $100,000 as a result of a fire that damaged two insured properties. When it became clear that plaintiff believed that the value of his claim was far in excess of what defendant was willing to pay him, defendant retained counsel to protect its rights. Defendant's attorney expressly stated that he was retained to provide legal services to defendant, to advise defendant of its legal responsibilities, and to conduct the examination under oath of plaintiff. We thus conclude that counsel was retained to provide legal advice and services to defendant with respect to plaintiff's claim and, as a result, the court erred when it ordered disclosure of documents of or relating to communications between defendant and its attorney and documents that constitute attorney work product.

Entered:  May 9, 2014                              Frances E. Cafarell
                                                   Clerk of the Court