■ In the Matter of the Claim of JOYCE M. OLMSTEAD, Respondent, v ROYAL INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from a decision of the Workers' Compensation Board, filed February 28, 1986.

Claimant suffered a compensable injury on February 26, 1982 resulting in total disability until June 29, 1982, when her attending orthopedic specialist filed a C-4 report stating that she was partially disabled. However, in this report, the specialist stated that claimant could not return to her previous employment but should limit her activities to those of a housewife. A subsequent C-4 report dated August 9, 1982 found her again totally disabled. After a hearing, the Workers' Compensation Law Judge found her totally disabled from February 26, 1982 to August 1, 1982 and partially disabled thereafter. Awards were made in accordance with this finding, which were thereafter affirmed by the Workers' Compensation Board. It was also determined that claimant's refusal to accept an offer of employment at "lighter work" was not a voluntary withdrawal from the labor market.

On this appeal, the employer contends, among other things, that there should be no award for total disability after June 25, 1982 because any disability thereafter was partial and a reversion to the same partial disability that existed prior to February 26, 1982, which resulted from a car accident in 1978. We disagree. Although the medical testimony demonstrates some inconsistency, there is, in our view, substantial evidence to support a determination that any preexisting condition which had been disabling prior to February 26, 1982 was dormant and asymptomatic on that date. Therefore, although the circumstances of February 26, 1982 may have aggravated that preexisting condition and resulted in similar symptoms, it is still compensable and chargeable to the injury of February 26, 1982 (see, Matter of Perez v Pearl-Wick Corp., 56 AD2d 239).

We also reject the contention that the Board erred in not considering the issue of apportionment of liability. The record does not sustain such a contention (see, Matter of Pollara v Air France, 83 AD2d 701) and, additionally, it is not properly before this court since it was not included in the application to the Board for review (see, Matter of Middleton v Coxsackie Correctional Facility, 38 NY2d 130). Finally, we are not per-

suaded that claimant voluntarily withdrew from the labor market by failing to accept the offer of employment on August 2, 1982. Where, as here, there is substantial evidence to support the Board's decision on this factual issue, it cannot be disturbed (see, Matter of Crosby v SCM Corp., 106 AD2d 769). We find the other issues raised by the employer to be without merit.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.