■ In the Matter of the Claim of HENRY R. MUZIO, Respondent, v CITY OF ALBANY, BUREAU OF STREETS, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed October 29, 1987.

On August 21, 1985, claimant, a laborer for the City of Albany, was severely injured in a motor vehicle accident when he was thrown through the windshield of a dump truck and then run over by another vehicle. He suffered severe chest and leg injuries, including fractured ribs with right side pneumothorax, pulmonary contusions and lacerations. He was

treated at a hospital and remained in the intensive care unit on a ventilator for several weeks. Claimant was discharged from the hospital on September 23, 1985 and remained under the care of several physicians.

Claimant sought workers' compensation benefits, but the claim was contested. At a hearing on August 14, 1986, Dr. John Fortune, claimant's surgeon, testified that he had reported that claimant could return to work on January 6, 1986 with limited duties, having noted that claimant's work should be limited to "2) No heavy lifting 3) Perhaps, parttime hours 4) Light work for now". Fortune further testified that by letter dated January 27, 1986 from claimant's supervisor, he was advised that the employer would provide "light job activities" including "light sweeping and light snow shoveling and assisting other laborers". The letter concluded, "No heavy lifting or laboring activities * * * would be required of [claimant] until this is recommended with a release given by his physician." Dr. Dominic Belmonte, the consultant for the employer's workers' compensation insurance carrier, examined claimant on January 15, 1986 and generally agreed with Fortune that claimant could only perform light duties upon return to work.

Claimant was awarded benefits and the employer appealed to the Workers' Compensation Board, contending that claimant was provided light work which was refused so that claimant voluntarily left the job market and, therefore, could not receive benefits. The Board affirmed, determining that claimant had a moderate partial disability and that the work provided for claimant was beyond the restrictions imposed by the physicians. This appeal followed. We affirm.

The record demonstrably shows that the work available to claimant, denominated light duty by the employer, was not of a nature envisioned by the medical experts. Fortune released claimant to do light work which he defined as "light sweeping and cleaning with no heavy lifting". Belmonte agreed with claimant's physician, particularly with the admonition that claimant should not lift 50-pound bags of salt to load a truck. Yet, claimant's supervisor testified that in addition to various duties such as sweeping and pumping gas, approved by the medical experts, claimant was required to lift salt bags weighing as much as 50 pounds, a task expressly prohibited by the doctors. Accordingly, since the Board could justifiably conclude from the evidence that the work offered to claimant on the day he reported to work exceeded the limitations imposed by the doctors and that his refusal to do the work did not constitute a voluntary removal from the labor market, the

Board's decision is supported by substantial evidence and must be affirmed (see, e.g., Matter of Olmstead v Royal Ins. Co., 130 AD2d 852, 852-853; Matter of Landi v Carrier Corp., 125 AD2d 789).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.