CHRISTOPHER J. EVANS, Appellant, v SHARON SYRACUSE MENDOLA, as Administrator of the Estate of HOPE ANTOINETTE MENDOLA, Deceased, Respondent. [821 NYS2d 323]—

Appeal from an order of the Supreme Court, Erie County (John P. Lane, J.), entered July 8, 2005 in a personal injury action. The order granted defendant's motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the amended complaint, as

amplified by the bill of particulars, with respect to the significant limitation of use of a body function or system and permanent consequential limitation of use of a body organ or member categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for alleged injuries he sustained in a motor vehicle accident on December 8, 2000 when he swerved to avoid the vehicle driven by defendant's decedent. The record establishes that, as a result of a work-related injury on March 3, 1999, plaintiff had undergone a discectomy and fusion at L5-S1 on October 10, 1999, and the MRI of the lumbar spine at that time showed "mild disc degeneration" at L3-4. Plaintiff alleges that, as a result of the motor vehicle accident, he sustained injury to the cervical and thoracic spine and the preexisting condition of the lumbar spine was aggravated, requiring intradiscal electrothermal therapy at L3-4.

We agree with Supreme Court that defendant met her initial burden of establishing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) under the significant limitation of use and permanent consequential limitation of use categories, but we conclude that the court erred in determining that plaintiff failed to raise an issue of fact sufficient to defeat the motion with respect to those two categories of serious injury. We note that, inasmuch as plaintiff does not contend on appeal that the court erred in dismissing his claim of serious injury under the 90/180 category, he is deemed to have abandoned that claim (see Ciesinski v Town of Aurora, 202 AD2d 984 [1994]).

Plaintiff submitted the affidavit of his treating physician, who relied upon the report of the MRI taken on September 30, 2002 showing "significant collapse and broad based contained central and right herniation at L3-L4." Plaintiff's treating physician determined that, "more likely than not, the motor vehicle accident was the direct cause of the rapid decline of the L3-4 disc, even though there is some very minor contribution from [the work-related injury]." "Proof of a herniated disc, without additional objective medical evidence establishing that the accident resulted in significant limitations, is not alone sufficient to establish a serious injury" (Pommells v Perez, 4 NY3d 566, 574 [2005]). Here, however, plaintiff's treating physician relied upon objective medical evidence in the form of MRI reports (see Brown v Dunlap, 4 NY3d 566, 577 n 5 [2005]), and those reports established the aggravation of the preexisting condition (cf.

*Franchini v Palmieri*, 307 AD2d 1056, 1057-1058 [2003], *affd* 1 NY3d 536 [2003]; *Clark v Perry*, 21 AD3d 1373, 1374 [2005]). In addition, he relied upon other medical records setting forth the necessity of surgical intervention to alleviate the aggravated condition, thereby "establishing that the accident resulted in significant physical limitations" (*Pommells*, 4 NY3d at 574). Thus, viewing the evidence in the light most favorable to plaintiff (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]), we conclude that plaintiff raised an issue of fact whether he sustained a significant limitation of use or permanent consequential limitation of use. We therefore modify the order accordingly. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Green, JJ.