■■ MATTHEW D. ELLIS et al., Respondents, v CRAIG ALAN EMERSON et al., Appellants. [825 NYS2d 608]—Appeal from an order of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered March 6, 2006 in a personal injury action. The order, among other things, denied defendants' motion for summary judgment dismissing the complaint, granted plaintiffs' cross motion for partial summary judgment on the issue of negligence and granted plaintiffs' motion for leave to amend the bill of particulars.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendants' motion in part and dismissing the complaint, as amplified by the bill of particulars, with respect to the permanent loss of use of a body organ, member, function or system and permanent consequential limitation of use of a body organ or member categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking to recover for personal injuries sustained by Matthew D. Ellis (plaintiff) when the vehicle driven by plaintiff was rear-ended by a vehicle operated by defendant Craig Alan Emerson and owned by defendant Postlewait Logging Company. Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint, as amplified by the bill of particulars, insofar as plaintiffs allege that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) under the permanent loss of use and permanent consequential limitation of use categories of serious injury. We therefore modify the order accordingly. Defendants established that plaintiff's injury did not constitute a total loss of use of a body organ, member, function or system (*see Oberly v Bangs Ambulance*, 96 NY2d 295, 299 [2001]), and plaintiffs failed to raise a triable issue of fact (*see Constantine v Serafin*, 16 AD3d 1145 [2005]). Defendants also established that plaintiff's injury did not constitute a permanent consequential limitation of use of a body organ or member, and plaintiffs did not oppose that part of the motion. We thus conclude that plaintiffs abandoned their claim based on that category and therefore the court should have granted defendants summary judgment with respect to it (*see generally Oberly*, 96 NY2d at 297; *Genovese v Gambino*, 309 AD2d 832, 833 [2003]). The court properly denied defendants' motion insofar as it is based on a preexisting condition. Because the reports of defendants' examining physician, submitted by defendants, raise the possibility that the accident aggravated a prior medical condition (*see Evans v Mendola*, 32 AD3d 1231 [2006]; *Matter of Olmstead v Royal Ins. Co.*, 130 AD2d 852 [1987]), they create questions of fact rather than eliminate them (*see Aleksiejuk v Pell*, 300 AD2d 1066, 1067 [2002]).

We conclude, however, that defendants met their initial burden with respect to the significant limitation of use category of serious injury, but plaintiffs' submissions, which included objective medical evidence, raised a question of fact (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). Defendants

failed to meet their initial burden with respect to the 90/180 category of serious injury (*see Rienzo v La Greco*, 11 AD3d 1038, 1039 [2004]; *Zeigler v Ramadhan*, 5 AD3d 1080, 1081 [2004]). Finally, we conclude that the court did not abuse its discretion in granting plaintiffs leave to amend their bill of particulars (*see Blake v Wieczorek*, 305 AD2d 989, 990 [2003]). Present—Hurlbutt, A.P.J., Gorski, Smith and Centra, JJ.