■ Pauline Gallo, Appellant, v Melinda Rieske, Respondent. [909 NYS2d 256]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (John A. Michalek, J.), entered October 1, 2009. The order and judgment granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when a vehicle driven by defendant collided with the vehicle in which plaintiff was a passenger. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). With respect to two of the three categories of serious injury allegedly sustained by plaintiff, i.e., a permanent consequential limitation of use and a significant limitation of use, the Court of Appeals has held that "[w]hether a limitation of use or function is significant or consequential (i.e., important . . .) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002] [internal quotation marks omitted]). In support of her motion, defendant submitted plaintiff's emergency room records, imaging tests that included X rays and an MRI, and records of plaintiff's treating neurologist and a physician who examined plaintiff on behalf of defendant, both of whom concluded that plaintiff did not suffer from any protracted limitations as a result of the accident. "Defendant thereby established that plaintiff sustained only a mild injury as a result of the accident and that there was no objective medical evidence that plaintiff sustained a significant or permanent injury" (*Beaton v Jones*, 50 AD3d 1500, 1501 [2008]; *see Sewell v Kaplan*, 298 AD2d 840 [2002]). Plaintiff failed to raise an issue of fact with respect to either of those two categories (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Defendant further established that plaintiff did not sustain a serious injury within the meaning of the 90/180-day category, the third category of serious injury allegedly sustained by plaintiff. Defendant met her initial burden with respect to that category, and plaintiff failed to raise an issue of fact, i.e., she failed "to submit the requisite objective evidence of 'a medically determined injury or impairment of a non-permanent nature' . . . and to establish that the injury caused the alleged limitations on plaintiff's daily activities" (*Calucci v Baker*, 299 AD2d 897, 898 [2002]; *see Beaton*, 50 AD3d at 1502). Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.