██ GARY S. ROLL et al., Respondents, v ASHLEIGH A. GAVITT, Appellant. [910 NYS2d 330]—

Appeal from an order of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered October 23, 2009 in a personal injury action. The order denied the motion of defendant for summary judgment and granted the cross motion of plaintiffs for partial summary judgment on the issue of negligence.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Gary S. Roll (plaintiff) when the vehicle he was driving was rear-ended by a vehicle operated by defendant. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and plaintiffs cross-moved for partial summary judgment on the issue of negligence. Supreme Court properly denied defendant's motion and granted plaintiffs' cross motion. With respect to defendant's motion, we agree with defendant that she met her initial burden by submitting evidence that plaintiff did not sustain a permanent consequential limitation of use or a significant limitation of use, the two categories of serious injury in Insurance Law § 5102 (d) set forth in plaintiffs' bill of particulars. Defendant submitted an "affirmed report" of a physician who, upon conducting an examination of plaintiff at defendant's request, indicated that the injury to plaintiff's cervical spine was only " 'minor, mild or slight . . . [, which is] classified as insignificant within the meaning of' " Insurance Law § 5102 (d) (*Gaddy v Eyler*, 79 NY2d 955, 957 [1992]). Indeed, the physician opined that, although plaintiff "may have sustained soft tissue injuries to the cervical spine in the accident, . . . his current symptoms are minimal and intermittent," and he has preexisting "mild degenerative and hypertrophic changes" in his cervical spine. We further conclude, however, that plaintiffs raised a triable issue of fact in opposition to the motion by submitting two independent medical examination (IME) reports from a physician who examined plaintiff in connection with his workers' compensation claim, as

well as an affidavit from his treating physician. The IME reports and affidavit contain the requisite objective medical findings that raise issues of fact whether plaintiff sustained a serious injury under both categories alleged by plaintiffs (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Chmiel v Figueroa*, 53 AD3d 1092 [2008]). Contrary to defendant's contention, although plaintiff may have had a preexisting degenerative disc condition, the IME physician opined that the accident aggravated plaintiff's preexisting condition (*see generally Ellis v Emerson*, 34 AD3d 1334, 1335 [2006]; *Evans v Mendola*, 32 AD3d 1231, 1232-1233 [2006]).

Finally, contrary to defendant's remaining contention, the court properly granted plaintiffs' cross motion for partial summary judgment on the issue of negligence. "Plaintiffs met their initial burden of establishing a prima facie case of negligence by submitting evidence that defendant's vehicle rear-ended plaintiff's stopped vehicle" (*Ruzycki v Baker*, 301 AD2d 48, 50 [2002]), and defendant failed to submit any evidence of negligence on the part of plaintiff sufficient to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Fahey, J.P., Carni, Lindley, Green and Gorski, JJ.