JOHN WEBB, Appellant, v CHARLES A. BOCK, Respondent. [909 NYS2d 241]—

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), dated October 14, 2009 in a personal injury action. The order granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when the vehicle he was driving was rear-ended by a vehicle operated by defendant. We conclude that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the

meaning of Insurance Law § 5102 (d). On appeal, plaintiff contends that he sustained a neck injury solely within the meaning of the significant limitation of use category of serious injury. It is well settled that, in order to qualify as a serious injury under that category, "[a]ny demonstrated limitation must be significant, not minor, mild or slight" (*Kithcart v Mason*, 51 AD3d 1162, 1163 [2008]; *see Gaddy v Eyler*, 79 NY2d 955, 957 [1992]). Defendant met his initial burden on the motion by submitting, inter alia, the affirmed report of a physician who examined plaintiff at defendant's request. The physician concluded, based on his examination of plaintiff as well as his review of plaintiff's medical records, that plaintiff sustained only minor, temporary injuries to his cervical spine, consisting of soft tissue injuries with minor whiplash. The burden thus shifted to plaintiff to raise a triable issue of fact, and he failed to do so (*see Caldwell v Grant* [appeal No. 2], 31 AD3d 1154 [2006]; *Wiegand v Schunck*, 294 AD2d 839 [2002]). Although plaintiff presented evidence establishing that he is disabled based on injuries to his lumbar spine, it is undisputed that those injuries were sustained in several prior accidents. Indeed, plaintiff seeks recovery in this case only for a neck injury, and his "submissions in opposition to the motion did not 'adequately address how [the neck injury], in light of [his] past medical history, [is] causally related to the subject accident' " (*Anania v Verdgeline*, 45 AD3d 1473, 1474 [2007]). Present—Fahey, J.P., Carni, Lindley, Green and Gorski, JJ.