# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1499**
**CA 10-01199**
PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, GREEN, AND GORSKI, JJ.

---

DONNA TERWILLIGER, PLAINTIFF-RESPONDENT,

V

MEMORANDUM AND ORDER

CHRISTINA L. KNICKERBOCKER AND DEBRA M. KNICKERBOCKER, DEFENDANTS-APPELLANTS.

---

LEVENE GOULDIN & THOMPSON, LLP, BINGHAMTON (DAVID F. MCCARTHY OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

LAW OFFICE OF JACOB P. WELCH, CORNING (ANNA CZARPLES OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered November 10, 2009 in a personal injury action. The order denied the motion of defendants for summary judgment on the issue of serious injury and granted the cross motion of plaintiff for summary judgment on the issue of negligence.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she allegedly sustained when she was struck by a vehicle operated by Christina L. Knickerbocker (defendant). Plaintiff was a pedestrian crossing the street at an intersection, and defendant struck her while turning right at a red light. As a result of the low-speed collision, plaintiff fell on her buttocks and allegedly injured her back as well as her "left arm/elbow." The record establishes, however, that plaintiff had injured her back approximately one month earlier when she slipped and fell on ice. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of the three categories of serious injury set forth in her bill of particulars, i.e., the permanent consequential limitation of use, significant limitation of use, and the 90/180 categories in Insurance Law § 5102 (d), and plaintiff cross-moved for summary judgment on the issue of negligence. Supreme Court denied the motion and granted the cross motion. We affirm.

Although defendants met their initial burden of proof in support of their motion by submitting evidence establishing that plaintiff's injuries were attributable to preexisting conditions, we conclude that plaintiff raised an issue of fact sufficient to defeat the motion (*see*

*generally Zuckerman v City of New York*, 49 NY2d 557, 562).
Specifically, plaintiff submitted the affidavits of a treating
physician and chiropractor, each of whom averred that plaintiff's back
problems were asymptomatic prior to the accident and that, after the
accident, plaintiff had a quantified limited range of motion in her
lower back.  The treating physician and chiropractor further averred
that plaintiff's symptoms of lower back pain radiating into the right
leg were consistent with MRI results showing pressure on the L-4 nerve
root, and that such injury was caused by the collision.  Contrary to
defendants' contention, the affidavits submitted by plaintiff "contain
the requisite objective medical findings that raise issues of fact
whether plaintiff sustained a serious injury" (*Roll v Gavitt*, 77 AD3d
1412, 1413).

We further conclude that the court properly granted plaintiff's
cross motion for summary judgment on the issue of negligence.  The
evidence submitted by plaintiff in support thereof established that
defendant was negligent as a matter of law in turning right at a red
light while plaintiff was entering the intersection at a crosswalk,
and defendant failed to submit any evidence that plaintiff was
careless in entering the intersection (*see Benedikt v Certified Lbr.
Corp.*, 60 AD3d 798; *Hoey v City of New York*, 28 AD3d 717).

Entered:  February 10, 2011                     Patricia L. Morgan
                                                Clerk of the Court