# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**405**
**CA 10-01471**
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND GREEN, JJ.

LETITIA HOUSTON, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

KATHLEEN GEERLINGS, DEFENDANT-RESPONDENT.

CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, ROCHESTER (ALISON
M.K. LEE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Harold
L. Galloway, J.), entered April 21, 2010 in a personal injury action.
The order granted the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion in part and
reinstating the complaint, as amplified by the bill of particulars,
with respect to the significant limitation of use and 90/180-day
categories of serious injury within the meaning of Insurance Law §
5102 (d) insofar as they relate to plaintiff's right shoulder injury
and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she allegedly sustained in a three-car chain reaction motor
vehicle accident that occurred after the vehicle driven by defendant
jumped a curb while exiting a parking lot. Defendant moved for
summary judgment dismissing the complaint on the ground that plaintiff
did not sustain a serious injury within the meaning of Insurance Law §
5102 (d), and Supreme Court granted the motion.

At the outset, we reject plaintiff's contention that defendant
improperly submitted unsworn medical reports that were not obtained
from plaintiff's counsel in support of defendant's motion (*see Meely v
4 G's Truck Renting Co., Inc.*, 16 AD3d 26, 27). In any event,
"[a]lthough '[those] reports were unsworn, the . . . medical
opinion[ ] relying on those . . . reports [is] sworn and thus
competent evidence' " (*Harris v Carella*, 42 AD3d 915, 916, quoting
*Brown v Dunlap*, 4 NY3d 566, 577 n 5). We further conclude that, even
though plaintiff did not plead the aggravation or exacerbation of a
preexisting injury, defendant herself raised that issue in her motion
papers and thus plaintiff could properly rely on that theory in
opposition to the motion (*see generally Mazurek v Home Depot U.S.A.*,

303 AD2d 960, 961; *Martin v Volvo Cars of N. Am.*, 241 AD2d 941, 943).

Plaintiff does not challenge that part of the order granting defendant's motion with respect to the significant disfigurement category of serious injury, and we therefore deem any challenge with respect thereto abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984). We conclude that defendant met her initial burden of establishing that plaintiff did not sustain a serious injury under any category relating to her neck or lumbar spine, and plaintiff did not raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Indeed, the evidence submitted by plaintiff in opposition to the motion concerned the alleged injury to her right shoulder only.

We further conclude that defendant met her initial burden of establishing that plaintiff did not sustain a serious injury relating to her right shoulder under the permanent consequential limitation of use category. Defendant submitted evidence that any alleged injuries to plaintiff's right shoulder had resolved within 21 months following the subject motor vehicle accident (*see Dilone v Tak Leu Cheng*, 56 AD3d 397; *Curtis v Brent*, 51 AD3d 464; *Snow v Harrington*, 40 AD3d 1237, 1238; *see generally Gaddy v Eyler*, 79 NY2d 955, 957-958). In opposition to the motion, plaintiff failed to raise a triable issue of fact whether any limitation of use of her right shoulder was permanent (*see generally Zuckerman*, 49 NY2d at 562).

We agree with plaintiff, however, that the court erred in granting those parts of the motion with respect to the significant limitation of use and 90/180-day categories of serious injury insofar as they relate to plaintiff's right shoulder injury, and we therefore modify the order accordingly. With respect to the significant limitation of use category, we conclude that defendant failed to meet her initial burden of establishing that plaintiff did not sustain a serious injury under that category. Although defendant submitted reports from physicians discussing the range of motion of plaintiff's right shoulder, those reports fail to compare plaintiff's range of motion to what would be considered normal. Thus, those reports are "insufficient to establish that [any] decreased range of motion in the plaintiff's right [shoulder] was so mild, minor[] or slight as to be considered insignificant within the meaning of [Insurance Law § 5102 (d)]" (*Diorio v Butler*, 69 AD3d 787, 787-788; *see McCarthy v Gagne*, 61 AD3d 942; *cf. Roll v Gavitt*, 77 AD3d 1412). Indeed, defendant submitted evidence that, following the motor vehicle accident, plaintiff underwent surgery for a rotator cuff tear to her right shoulder and that, although plaintiff had preexisting injuries to her right shoulder, the accident may have exacerbated those preexisting injuries.

Finally, with respect to the 90/180-day category, we conclude that defendant failed to meet her initial burden of establishing that plaintiff was able to perform substantially all of the material acts that constituted her usual and customary daily activities during no less than 90 days of the 180 days following the accident (*see* Insurance Law § 5102 [d]). "To qualify as a serious injury under the

90/180[-day] category, there must be objective evidence of a medically determined injury or impairment of a non-permanent nature . . .[,] as well as evidence that plaintiff's activities were curtailed to a great extent" (*Zeigler v Ramadhan*, 5 AD3d 1080, 1081 [internal quotation marks omitted]).  Defendant's own submissions included objective medical evidence that plaintiff may have sustained an injury to her right shoulder that, at the very least, exacerbated a preexisting injury.  Defendant also submitted evidence that plaintiff was confined to her bed for 2½ months following the accident and was unable to perform daily grooming activities, to do simple chores or to play with her children for three to four months following the accident.

Inasmuch as defendant failed to meet her initial burden of establishing that plaintiff did not sustain a serious injury relating to her right shoulder that was causally related to the accident under those two categories of serious injury, the burden never shifted to plaintiff to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

Entered:  April 1, 2011                          Patricia L. Morgan
                                                 Clerk of the Court