# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1316
CA 11-00785
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND SCONIERS, JJ.

---

ANDREA S. HEDGECOCK, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

LAURA PEDRO, ELLEN B. STERMAN,
CRAIG CHERTACK, DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.
(APPEAL NO. 1.)

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
DEFENDANT-APPELLANT LAURA PEDRO.

LAW OFFICE OF LAURIE G. OGDEN, BUFFALO (PAMELA S. SCHALLER OF
COUNSEL), FOR DEFENDANTS-APPELLANTS ELLEN B. STERMAN AND CRAIG
CHERTACK.

HOGAN WILLIG, GETZVILLE (STEVEN M. COHEN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Erie County (Gerald
J. Whalen, J.), entered July 29, 2010 in a personal injury action.
The order denied the motions of defendants Laura Pedro, Ellen B.
Sterman and Craig Chertack for summary judgment dismissing the amended
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of the motion of
defendant Laura Pedro for summary judgment dismissing the amended
complaint against her insofar as it alleges, as amplified by the bill
of particulars, that plaintiff sustained a serious injury under the
permanent consequential limitation of use category of serious injury
within the meaning of Insurance Law § 5102 (d) and dismissing the
amended complaint to that extent and as modified the order is affirmed
without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries she sustained in four separate motor vehicle accidents that
occurred between September 2004 and November 2006.  In each of the
accidents, plaintiff's vehicle was rear-ended.  Supreme Court denied
the motion of Laura Pedro, the defendant involved in the first
accident, and the motion of Ellen B. Sterman and Craig Chertack
(collectively, Sterman defendants), the defendants involved in the
second accident, both of which sought summary judgment dismissing the
amended complaint on the ground that plaintiff did not sustain a

serious injury within the meaning of Insurance Law § 5102 (d).

We conclude that Pedro and the Sterman defendants each established their entitlement to judgment as a matter of law with respect to the categories of serious injury alleged by plaintiff, i.e., permanent consequential limitation of use, significant limitation of use and 90/180-day category.  In support of their motions, Pedro and the Sterman defendants submitted plaintiff's deposition testimony concerning her long-term preexisting condition of chronic migraine headaches.  With respect to the first accident, plaintiff alleged that her migraine headaches increased in frequency and intensity and that she suffered, inter alia, cervical sprain as a result of the accident.  With respect to the second accident, which occurred less than two months later, plaintiff alleged that the injuries she sustained in the first accident were exacerbated and that she sustained lumbar sprain and subluxation.  At her deposition, plaintiff described her preexisting migraine headache condition and two previous injuries to her back, i.e., compression fractures.  We therefore conclude that Pedro and the Sterman defendants each submitted "persuasive evidence that plaintiff's alleged pain and injuries were related to . . . preexisting condition[s, and thus] plaintiff had the burden to come forward with evidence addressing [their] claimed lack of causation" (*Carrasco v Mendez*, 4 NY3d 566, 580; *see D'Angelo v Litterer*, 87 AD3d 1357).

In opposition to the motions, plaintiff submitted her entire deposition testimony, the affidavit of her treating chiropractor and the affidavit of her treating neurologist.  Inasmuch as the treating neurologist discussed the combined effect of all four accidents on plaintiff's symptoms, his affidavit fails to raise a triable issue of fact whether the first or second accident caused a serious injury (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  With respect to the first accident, the affidavit of the treating chiropractor detailed plaintiff's worsening migraine symptoms following that accident and noted that there were muscle tension and trigger points upon palpation following that accident.  The treating chiropractor also stated that plaintiff's symptoms improved prior to the second accident, but that her medical condition had not returned to the state it had been in immediately prior to the first accident. With respect to the second accident, the treating chiropractor stated that plaintiff's symptoms had not improved with treatment prior to the third accident, which occurred nearly one year after the second accident, and he outlined the quantitative restrictions of the range of motion of her cervical and lumbar spine, comparing those restrictions to the normal range of motion (*see Burke v Moran*, 85 AD3d 1710, 1711; *cf. Houston v Geerlings*, 83 AD3d 1448, 1449-1450). Further, plaintiff was granted a medical withdrawal from her graduate studies immediately following the second accident based upon the frequency and intensity of her migraine headaches, each of which lasted up to 24 hours and prevented her from driving, attending classes or doing household chores.  Thus, we conclude that plaintiff raised a triable issue of fact sufficient to defeat those parts of each motion with respect to the significant limitation of use category (*see generally Roll v Gavitt*, 77 AD3d 1412), as well as the 90/180-day

category (*see generally Houston*, 83 AD3d at 1450). Because plaintiff's treating chiropractor stated that plaintiff's symptoms had not improved in the nearly one-year period between the second and third accidents, we conclude that plaintiff also raised a triable issue of fact sufficient to defeat that part of the Sterman defendants' motion with respect to the permanent consequential limitation of use category (*see generally Roll*, 77 AD3d 1412). We further conclude, however, that plaintiff failed to raise a triable issue of fact sufficient to defeat that part of Pedro's motion with respect to the permanent consequential limitation of use category, inasmuch as plaintiff's treating chiropractor stated that her symptoms improved prior to the second accident, and thus that the court erred in denying the motion in its entirety. We therefore modify the order accordingly.

Entered:  March 16, 2012                    Frances E. Cafarell
                                            Clerk of the Court