# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

17
CA 11-01816
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND GORSKI, JJ.

---

ANDREA S. HEDGECOCK, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

LAURA PEDRO, ET AL., DEFENDANTS,
AND MELISSA SAJAC, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

ADAMS, HANSON, FINDER, HUGHES, REGO, KAPLAN & FISH, WILLIAMSVILLE
(BETHANY A. RUBIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

STEVEN M. COHEN, AMHERST, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered March 18, 2011 in a personal injury action. The order denied the motion of defendant Melissa Sajac for summary judgment dismissing the amended complaint.

It is hereby ORDERED that the order so appealed from is modified on the law by granting the motion of defendant Melissa Sajac in part and dismissing the amended complaint against her insofar as it alleges, as amplified by the bill of particulars, that plaintiff sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in four separate motor vehicle accidents that occurred between September 2004 and November 2006. In each of the accidents, the vehicle driven by plaintiff was rear-ended. Supreme Court denied the motion of Melissa Sajac (defendant), who was involved in the fourth accident, seeking summary judgment dismissing the amended complaint against her on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

We conclude that the court properly determined that defendant failed to meet her initial burden of establishing her entitlement to judgment with respect to the 90/180-day category (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). We further conclude, however, that the court erred in determining that plaintiff raised an issue of fact sufficient to defeat the motion with respect to the remaining categories of serious injury allegedly sustained by plaintiff, i.e., the permanent consequential limitation of use and

significant limitation of use categories.  We therefore modify the order accordingly.  Defendant established that plaintiff had preexisting conditions of migraine headaches and spinal injuries, which were allegedly exacerbated and/or caused by one or more of the three previous accidents, and thus "plaintiff had the burden to come forward with evidence addressing defendant's claimed lack of causation" with respect to the fourth accident (*Carrasco v Mendez*, 4 NY3d 566, 580; *see Webb v Bock*, 77 AD3d 1414, 1415).  Although plaintiff submitted the affidavit of her treating chiropractor, that affidavit failed to specify how plaintiff's conditions were caused or further exacerbated by the fourth accident (*see Webb*, 77 AD3d at 1415; *cf. Hedgecock v Pedro* [appeal No. 1], ___ AD3d ___ [Mar. 16, 2012]; *see generally Carrasco*, 4 NY3d at 579-580; *Anania v Verdgeline*, 45 AD3d 1473).  Plaintiff's treating neurologist discussed the combined effect of all four accidents on her symptoms, and thus his affirmation fails to raise a triable issue of fact whether the fourth accident caused a serious injury (*see Hedgecock*, ___ AD3d at ___; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

All concur except GORSKI, J., who is not participating.

Entered:  March 16, 2012                           Frances E. Cafarell
                                                   Clerk of the Court