Appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered March 4, 2013. The order, insofar as appealed from, granted the motion of defendants for summary judgment dismissing the complaint.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: In this personal injury action arising from a motor vehicle accident, plaintiff appeals from an order granting defendants’ motion for summary judgment dismissing the complaint. According to plaintiff, Supreme Court erred in determining that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We reject that contention. In support of the motion, defendants established that plaintiffs pain in his neck and shoulders was related to preexisting degenerative conditions and that there was no evidence of an acute traumatic injury arising from the subject accident (see Spanos v Fanto, 63 AD3d 1665, 1666 [2009]). Defendants also established that plaintiff sustained “only a mild injury as a result of the accident,” as opposed to a significant or permanent injury (Gallo v Rieske, 77 AD3d 1343, 1344 [2010]; see Beaton v Jones, 50 AD3d 1500, 1501 [2008]). We note that, following the *1252 accident, plaintiff was able to walk around and, although he was taken to the hospital, he was released that same day with a prescription for pain medication. An X ray or CT scan taken at the hospital showed no broken bones or other abnormalities. We further note that plaintiff did not miss any work as a result of his injuries, and examinations by his own physicians showed that he regularly had a full range of motion in his neck and back, albeit with a degree of pain.
The burden of proof thus shifted to plaintiff “to come forward with evidence addressing defendants’] claimed lack of causation” (Carrasco v Mendez, 4 NY3d 566, 580 [2005]; see Wilson v Colosimo, 101 AD3d 1765, 1766 [2012]), and plaintiff failed to meet that burden. Contrary to plaintiffs contention, the affidavit of his treating physician was insufficient to raise a triable issue of fact. Although plaintiffs physician stated that plaintiff has a “disability related to his neck ... in the range of 30 to 60 percent,” she did not identify the range of motion tests she conducted upon plaintiff or otherwise explain how she arrived at that conclusion. Moreover, plaintiffs physician, who acknowledged plaintiffs preexisting conditions, “failed to specify how plaintiffs conditions were caused or further exacerbated” by the subject accident (Hedgecock v Pedro, 93 AD3d 1143, 1144 [2012]; see Webb v Bock, 77 AD3d 1414, 1415 [2010]).
All concur except Whalen, J., who dissents and votes to modify in accordance with the following memorandum.