Goodwin v Walter (2018 NY Slip Op 06643)





Goodwin v Walter


2018 NY Slip Op 06643


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


912 CA 18-00321

[*1]AMY GOODWIN, PLAINTIFF-APPELLANT,
v
DAWN WALTER, DEFENDANT-RESPONDENT. 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (EDWARD J. SMITH, III, OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF J. WILLIAM DEFIO, EAST SYRACUSE (KAREN VERONICA DEFIO OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered October 3, 2017. The order granted defendant's motion for summary judgment and dismissed plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries that she sustained when a vehicle driven by defendant struck a vehicle driven by plaintiff. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury under the categories alleged by her, i.e., the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories (see Insurance Law § 5102 [d]). Supreme Court granted defendant's motion and dismissed the complaint. Plaintiff appeals, and we reverse.
We conclude that defendant failed to meet her initial burden of "presenting competent evidence establishing that the injuries do not meet the [serious injury] threshold" (Linton v Nawaz, 62 AD3d 434, 438 [1st Dept 2009], affd 14 NY3d 821 [2010]; see generally McIntyre v Salluzzo, 159 AD3d 1547, 1548 [4th Dept 2018]). Although the physician who examined plaintiff on behalf of defendant concluded that plaintiff had "full active range of motion of her cervical spine," "full active range of motion of all the joints of her upper and lower extremities," and "full mobility of all of the musculature of her upper and lower extremities," the physician failed to explain the basis for those conclusions, such as any objective tests that he performed that supported the conclusions (see Monterro v Klein, 160 AD3d 1459, 1460 [4th Dept 2018]; McIntyre, 159 AD3d at 1548). Thus, defendant's "failure to make [a] prima facie showing requires denial of the motion" with respect to the permanent consequential limitation of use and significant limitation of use categories (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), and the burden did not shift to plaintiff to raise an issue of fact with respect to those categories (see generally id.). We also conclude that defendant failed to meet her initial burden with respect to the 90/180-day category (see Hedgecock v Pedro, 93 AD3d 1143, 1143 [4th Dept 2012]) and that, in any event, there is a triable issue of fact with respect to that category (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We further conclude, however, that defendant submitted evidence establishing that plaintiff's injuries were caused by a preexisting condition, i.e., ankylosing spondylitis, a genetic condition. Thus, "plaintiff had the burden to come forward with evidence addressing defendant's claimed lack of causation" (Pommells v Perez, 4 NY3d 566, 580 [2005]). Plaintiff raised a question of fact by submitting the affidavit of her treating chiropractor and the affirmation of her primary care physician. Plaintiff's primary care physician asserted that plaintiff's preexisting [*2]condition was "asymptomatic" prior to the accident, and both the primary care physician and the treating chiropractor asserted that, after the accident, plaintiff had a quantified limited range of motion in, inter alia, her neck (see Terwilliger v Knickerbocker, 81 AD3d 1350, 1351 [4th Dept 2011]).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court