Woodward v Ciamaricone (2019 NY Slip Op 06268)





Woodward v Ciamaricone


2019 NY Slip Op 06268


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


513 CA 18-02310

[*1]ELAINE WOODWARD, PLAINTIFF-APPELLANT,
v
DANIEL CIAMARICONE AND KIMBERLY SALOTTO, DEFENDANTS-RESPONDENTS. 






STANLEY LAW OFFICES, SYRACUSE (ANTHONY R. MARTOCCIA OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL), FOR DEFENDANT-RESPONDENT DANIEL CIAMARICONE.
LAW OFFICE OF JENNIFER ADAMS, YONKERS (NICOLE B. PALMERTON OF COUNSEL), FOR DEFENDANT-RESPONDENT KIMBERLY SALOTTO. 


 Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered September 14, 2018. The order granted the cross motion of plaintiff to amend her bills of particulars and granted the motion of defendant Kimberly Salotto and cross motion of defendant Daniel Ciamaricone for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying in part the motion of defendant Kimberly Salotto and the cross motion of defendant Daniel Ciamaricone and reinstating the complaint with respect to the claim for economic loss in excess of basic economic loss, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained when the vehicle she was operating was struck from behind by a vehicle operated by defendant Daniel Ciamaricone, who also collided with a vehicle operated by defendant Kimberly Salotto. Plaintiff alleged that, as a result of the collision, she suffered a serious injury within the meaning of Insurance Law § 5102 (d) and incurred an economic loss in excess of basic economic loss within the meaning of Insurance Law
§ 5102 (a). The complaint, as amplified by the bills of particulars, sought recovery under four categories of serious injury, i.e., the permanent consequential limitation of use, significant limitation of use, significant disfigurement and 90/180-day categories (see
§ 5102 [d]), but plaintiff subsequently withdrew her claim of serious injury under the 90/180-day category. Salotto moved and Ciamaricone cross-moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) that was causally related to the accident. Plaintiff cross-moved for leave to amend the bills of particulars to include allegations that the accident aggravated a preexisting injury. Plaintiff now appeals from an order that granted her cross motion, and also granted defendants' motion and cross motion and dismissed the complaint in its entirety.
Preliminarily, we reject plaintiff's contention that defendants failed to meet their initial burdens of establishing that plaintiff did not sustain a serious injury that was causally related to the accident. As the proponents of the motion and cross motion for summary judgment "dismissing a complaint that alleges serious injury under Insurance Law § 5102 (d), . . . defendant[s] bear[] the initial burden of establishing by competent medical evidence that . . . plaintiff did not sustain a serious injury caused by the accident" (Gonyou v McLaughlin, 82 AD3d 1626, 1627 [4th Dept 2011] [internal quotation marks omitted]; see Aleksiejuk v Pell, 300 [*2]AD2d 1066, 1066 [4th Dept 2002]). Here, defendants met that burden by establishing, through the affirmed reports of their experts who examined plaintiff and reviewed her medical records and imaging studies, that plaintiff's injuries to her lumbar and cervical spine were related to a preexisting condition and that she did not sustain a serious injury that was causally related to the subject accident (see Perl v Meher, 18 NY3d 208, 218 [2011]; Goodwin v Walter, 165 AD3d 1596, 1597 [4th Dept 2018]; Kwitek v Seier, 105 AD3d 1419, 1420-1421 [4th Dept 2013]). Salotto's expert orthopedic physician determined that plaintiff had "multiple levels of degeneration, both in the cervical and lumbar spine" that were "consistent with age-related degenerative changes." He thus opined that plaintiff's "chronic neck and back pain [were] due to a pre-existing degenerative condition and were not traumatically induced." Likewise, Ciamaricone's expert orthopedic surgeon determined that plaintiff's imaging studies showed "significant degenerative disease at the L4-5 level" and "degenerative disease . . . at the C5-6 and C6-7 levels with associated disc bulges and facet joint arthritis," and concluded that the "bony changes" in plaintiff's spine were "obviously chronic and longstanding." Ciamaricone's expert orthopedic surgeon diagnosed plaintiff with only cervical and thoracic strains, and opined that surgery was not necessary and that plaintiff was capable of working without restrictions.
Because defendants met their respective initial burdens on their motion and cross motion, the burden shifted to plaintiff "to come forward with evidence addressing defendant[s'] claimed lack of causation" (Pommells v Perez, 4 NY3d 566, 580 [2005]; see Franchini v Palmieri, 1 NY3d 536, 537 [2003]; see also Carpenter v Steadman, 149 AD3d 1599, 1600 [4th Dept 2017]). Plaintiff, however, failed to present competent evidence in admissible form that "adequately address[ed] how plaintiff's alleged injuries, in light of [her] past medical history, [were] causally related to the subject accident" (Fisher v Hill, 114 AD3d 1193, 1194 [4th Dept 2014], lv denied 23 NY3d 909 [2014] [internal quotation marks omitted]; see Franchini, 1 NY3d at 537; French v Symborski, 118 AD3d 1251, 1252 [4th Dept 2014], lv denied 24 NY3d 904 [2014]), and therefore failed to raise a triable issue of fact in opposition. Contrary to her contention that she had no complaints related to her cervical spine until after the accident, plaintiff's own submissions in opposition to defendants' motion and cross motion established that, prior to the accident, she treated with a chiropractor more than 50 times for complaints of low back and neck pain. Furthermore, although plaintiff's orthopedic expert concluded that she had "40% permanent loss of use of the spine as a result of the automobile accident," he did not reject the opinions of defendants' experts, nor did he dispute the medical records or imaging studies that established the degenerative condition of plaintiff's cervical and lumbar spine, and he " failed to specify how plaintiff's conditions were caused or further exacerbated' by the subject accident" (French, 118 AD3d at 1252).
Finally, we agree with plaintiff that Supreme Court erred in granting defendants' motion and cross motion with respect to plaintiff's claim for economic loss in excess of basic economic loss (see Insurance Law §§ 5102 [a]; 5104 [a]; see generally Wilson v Colosimo, 101 AD3d 1765, 1767 [4th Dept 2012]). Although defendants' motion and cross motion sought summary judgment dismissing the complaint in its entirety, their moving papers did not address plaintiff's claim for economic loss, and thus defendants failed to establish that they were entitled to summary judgment with respect to that claim (see Jones v Marshall, 147 AD3d 1279, 1283 [3d Dept 2017]; Martin v LaValley, 144 AD3d 1474, 1477 [3d Dept 2016]). We therefore modify the order by denying Salotto's motion and Ciamaricone's cross motion in part and reinstating the complaint with respect to the claim for economic loss in excess of basic economic loss.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court