■ DAVID COLVIN et al., Respondents, v DANIEL J. SLA-WONIEWSKI et al., Appellants. [789 NYS2d 368]—Appeal from an order of the Supreme Court, Oneida County (John G. Ringrose, A.J.), entered May 10, 2004. The order, insofar as appealed from, denied defendants' motion for summary judgment dismissing the second amended complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by David Colvin (plaintiff) in a motor vehicle accident. Supreme Court properly denied defendants' motion for summary judgment dismissing the second amended complaint. Defendants met their initial burden by establishing as a matter of law that plaintiff did not sustain a serious injury within the meaning of the permanent consequential limitation of use, the significant limitation of use, and the 90/180 categories of serious injury (*see Chunn v Carman*, 8 AD3d 745, 746 [2004]; *Dongelewic v Marcus*, 6 AD3d 943 [2004]; *Zeigler v Ramadhan*, 5 AD3d 1080, 1082 [2004]). However, plaintiffs raised a triable issue of fact with regard to whether plaintiff sustained accident-related injuries qualifying under those categories of serious injury (*see Chunn*, 8 AD3d at 746-747; *Green v Ross*, 6 AD3d 1199, 1200 [2004]; *Stokes v Brown*, 2 AD3d 1373, 1374-1375 [2003]). We further conclude that there is a triable issue of fact with regard to whether, as a result of the accident, plaintiffs sustained economic loss in excess of basic economic loss, for which loss plaintiffs may recover without proof of serious injury (*see Montgomery v Daniels*, 38 NY2d 41, 47-48 [1975]; *Barnes v Kociszewski*, 4 AD3d 824, 825 [2004]; *Tortorello v Landi*, 136 AD2d 545, 545-546 [1988]; *see also* Insurance Law § 5104 [a]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.