■ JOHANNA R. MANCUSO, Appellant, v TODD M. COLLINS et al., Respondents. TODD M. COLLINS et al., Third-Party Plaintiffs, v JOHN A. CAMILLE et al., Third-Party Defendants. JOHN A. CAMILLE, Fourth-Party Plaintiff, v LORRAINE PIASECKI, Fourth-Party Defendant-Respondent. [822 NYS2d 193]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered June 29, 2005 in a personal injury action. The order, insofar as appealed from, granted that part of the motion of defendant John A. Camille for summary judgment dismissing the second amended complaint against him, that part of the motion of fourth-party defendant for summary judgment dismissing the second amended complaint, and the cross motion of defendants Todd M. Collins and Sharon R. Collins for summary judgment dismissing the second amended complaint against them.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motions are denied in their entirety, the cross motion is denied, and the second amended complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle she was driving was rear-ended in the course of a multi-vehicle accident. We agree with plaintiff that Supreme Court erred in granting that part of the motion of defendant John A. Camille for summary judgment dismissing the second amended complaint against him, that part of the motion of fourth-party defendant for summary judgment dismissing the second amended complaint, and the cross motion of defendants Todd M. Collins and Sharon R. Collins for summary judgment dismissing the second amended complaint against them.

In support of their respective motions and cross motion, defendants and fourth-party defendant (movants) contended that plaintiff did not sustain a serious injury within the meaning of the three categories alleged by plaintiff in her bill of particulars, i.e., the permanent consequential limitation of use, significant limitation of use and the 90/180 categories (*see* Insurance Law § 5102 [d]). We conclude with respect to the first two categories that the movants submitted evidence tending to establish that plaintiff sustained a serious injury within the meaning of those categories, and thus the burden never shifted to plaintiff to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Here, the movants

submitted the entire workers' compensation medical file that included, inter alia, numerous medical reports of plaintiff's treating physicians who stated therein that plaintiff's injuries were serious in nature and that plaintiff sustained a serious injury within the meaning of those two categories as a result of the motor vehicle accident at issue. Moreover, those submissions contained documented objective evidence of injury, i.e., muscle spasm, x rays and an MRI showing loss of lordosis, and, in addition, various physicians' reports quantified plaintiff's loss of range of cervical and lumbar range of motion (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]).

We conclude with respect to the 90/180 category that, although the movants met their initial burden, plaintiff raised an issue of fact by her own affidavit and the affirmation of her treating physician (*see Pagels v P.V.S. Chems.*, 266 AD2d 819, 820 [1999]). Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.