■ ROBERT STIVERS et al., Appellants, v JEFFREY L. BROWNELL, Respondent. [881 NYS2d 239]—

Appeal from an order of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered January 4, 2008. The order denied the motion of plaintiffs for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion for partial summary judgment on liability on the claim for breach of contract based on unlawful eviction and by providing that the claim for punitive damages is dismissed and as modified the order is affirmed without costs.

Memorandum: Plaintiffs and defendant executed a lease for a restaurant for a two-year period to end on April 30, 2005 and, in March 2005, defendant padlocked the doors of the restaurant, thus preventing plaintiffs from entering it. Plaintiffs commenced this action seeking, inter alia, damages for the allegedly wrongful eviction and seeking the return of a $25,000 "inventory deposit." Defendant asserted numerous counterclaims in his answer seeking, inter alia, compensation for damage to the property. Plaintiffs moved for summary judgment on the complaint as well as dismissal of the counterclaims. Supreme Court denied the motion and, in its bench decision, dismissed the claim for punitive damages sought by plaintiffs in their motion. We note that, although the order does not address the issue of punitive damages, the decision is controlling in the event

that "there is a conflict between an order and a decision" (*Innovative Transmission & Engine Co., LLC v Massaro*, 37 AD3d 1199, 1201 [2007]). We therefore modify the order accordingly.

We conclude that Supreme Court erred in denying that part of plaintiffs' motion for partial summary judgment on liability on the claim for breach of contract based on defendant's unlawful eviction. Pursuant to the terms of the lease, defendant had the right to reenter the premises and to terminate the lease "without further demand or notice of any kind" in the event of a default by plaintiffs. Although defendant contends that he evicted plaintiffs on the ground that they were in default for failing to pay rent and for damaging the property, the lease requires in relevant part that plaintiffs first be given written notice of their alleged default and the opportunity to cure the default 30 days before defendant is entitled to terminate the lease. In support of their motion, plaintiffs submitted the deposition testimony of defendant in which he admitted that he did not give them any written notice before entering the premises and padlocking the doors, and defendant submitted no evidence establishing that he had a valid basis to reenter the restaurant and padlock the doors before the expiration of the term of the lease. We therefore conclude that plaintiffs established their entitlement to partial summary judgment on liability as a matter of law with respect to their claim for breach of contract based on unlawful eviction (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), and further modify the order accordingly.

Contrary to the further contention of plaintiffs, however, they failed to establish as a matter of law that defendant breached the terms of the lease based on his failure to return the $25,000 "inventory deposit." We thus conclude that the court properly denied that part of plaintiffs' motion seeking reimbursement of the $25,000 deposit. Pursuant to the terms of the lease, plaintiffs were required to pay defendant "the sum of $25,000.00 for inventory and supplies, i.e.[,] glasses, silverware, napkins, etc." upon entering into the lease. The lease further provided that, in the event that plaintiffs did not purchase the premises at the end of the term of the lease, defendant "shall repurchase said inventory" for $25,000. We conclude on the record before us that there is an issue of fact whether "said inventory" was on the premises, for defendant to repurchase (*see generally id.*). According to the deposition testimony of defendant, many items were missing when he repossessed the property, and defendant also submitted evidence that the missing items included the glasses and silverware that were mentioned in the lease.

We further conclude that the court properly denied that part of plaintiffs' motion seeking dismissal of defendant's counterclaims. Although plaintiffs correctly contend that " 'a party to a contract cannot rely on the failure of another to perform when he [or she] has frustrated or prevented the performance' " (*Hidden Meadows Dev. Co. v Parmelee's Forest Prods.*, 289 AD2d 642, 644 [2001]; *see Kooleraire Serv. & Installation Corp. v Board of Educ. of City of N.Y.*, 28 NY2d 101, 106 [1971]), plaintiffs submitted evidence raising an issue of fact whether they could have performed under the terms of the contract. The submissions of both plaintiffs and defendant include evidence that the damage to the property may have been too extensive for repairs to have been completed before the lease expired.

Finally, in view of the issues of fact on the record before us, we conclude that the court properly denied that part of plaintiffs' motion seeking an award of attorneys' fees under the terms of the lease. The determination whether plaintiffs are entitled to an award of attorneys' fees should await the outcome of a trial (*see Meysar Realty Corp. v Anndon Rest. Corp.*, 277 AD2d 99 [2000]). Present—Hurlbutt, J.P., Martoche, Carni, Green and Pine, JJ.