# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1415**

**CA 12-01156**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

HAROLD WILSON AND GEORGIA WILSON,
PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

CHRISTOPHER COLOSIMO AND R.J. CHEVROLET, INC.,
DOING BUSINESS AS BOB JOHNSON CHEVROLET,
DEFENDANTS-RESPONDENTS.

---

HOGAN WILLIG, AMHERST (ERIC B. GROSSMAN OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

TREVETT CRISTO SALZER & ANDOLINA, P.C., ROCHESTER (ERICA M. DIRENZO OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Monroe County (Thomas A. Stander, J.), entered September 15,
2011. The order and judgment granted the motion of defendants for
summary judgment dismissing the complaint and denied the cross motion
of plaintiffs for partial summary judgment.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously modified on the law by denying the motion in part and
reinstating the complaint, as amplified by the bill of particulars,
with respect to the permanent consequential limitation of use and
significant limitation of use categories of serious injury within the
meaning of Insurance Law § 5102 (d) and as modified the order and
judgment is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for
injuries that Harold Wilson (plaintiff) allegedly sustained when the
recycling truck he was driving was rear-ended by a vehicle owned by
defendant R.J. Chevrolet, Inc., doing business as Bob Johnson
Chevrolet, and operated by defendant Christopher Colosimo. According
to plaintiffs' supplemental bill of particulars, plaintiff allegedly
sustained a serious injury under the permanent consequential
limitation of use, the significant limitation of use and the 90/180-
day categories of serious injury. Defendants initially moved for
summary judgment dismissing the complaint on the ground that plaintiff
did not sustain a serious injury pursuant to Insurance Law § 5102 (d)
that was proximately caused by the accident. Plaintiffs opposed the
motion and cross-moved for partial summary judgment on their claim for
economic loss in excess of basic economic loss. Supreme Court granted
defendants' motion and denied plaintiffs' cross motion. We note that

the order does not address the dismissal of plaintiffs' claim for economic loss, which does not require a showing of serious injury (*see generally Montgomery v Daniels*, 38 NY2d 41, 47-48; *Colvin v Slawoniewski*, 15 AD3d 900, 900).  In its bench decision, however, the court awarded defendants summary judgment dismissing that claim on the authority of CPLR 3212 (b).  Where, as here, " 'there is a conflict between an order and a decision,' " the decision controls (*Stivers v Brownell*, 63 AD3d 1516, 1517-1518).  We conclude that the court erred in granting those parts of defendants' motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury.  We therefore modify the order accordingly.

Defendants met their initial burden on the motion by submitting an expert's affirmation establishing as a matter of law that there was "no sign of injury to the cervical, thoracic or lumbar spine, and a marked exaggeration of the response to testing in the upper and lower extremities and no objective findings concerning neck, shoulders, lumbar spine, hips, knees, ankles, and feet."  Defendants' expert attributed plaintiff's complaints of pain to preexisting injuries and "multilevel degenerative changes."  Furthermore, because defendants' expert concluded that the only objective medical findings of an injury to plaintiff were related to a preexisting degenerative condition of his spine, "plaintiff[s] had the burden to come forward with evidence addressing defendant[s'] claimed lack of causation" (*Carrasco v Mendez*, 4 NY3d 566, 580; *see Mendola v Doubrava*, 99 AD3d 1247, 1248; *Webb v Bock*, 77 AD3d 1414, 1415).

In opposition to defendants' motion, however, plaintiffs raised triable issues of fact with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury by submitting the affidavit and attached report of plaintiff's treating chiropractor as well as an affidavit and attached reports and records from a physician specializing in occupational medicine.  Those documents "contain the requisite objective medical findings that raise issues of fact whether plaintiff sustained a serious injury" as a result of the instant accident (*Roll v Gavitt*, 77 AD3d 1412, 1413; *see Terwilliger v Knickerbocker*, 81 AD3d 1350, 1351; *Harris v Carella*, 42 AD3d 915, 916-917; *cf. Caldwell v Grant* [appeal No. 2], 31 AD3d 1154, 1155).

Nevertheless, we agree with defendants that the court properly granted that part of their motion regarding the 90/180-day category of serious injury.  Defendants submitted competent evidence establishing that plaintiff's activities " 'were not curtailed to a great extent' and that [he] therefore did not sustain a serious injury under the 90/180[-day] category of serious injury" (*Schreiber v Krehbiel*, 64 AD3d 1244, 1246).  Plaintiffs submitted nothing in opposition to defendants' motion with respect to that category and thus failed to raise a triable issue of fact whether plaintiff "was unable to perform substantially all of the material acts that constituted [his] usual and customary daily activities during the requisite period of time" (*Burke v Moran*, 85 AD3d 1710, 1711; *see generally Licari v Elliott*, 57 NY2d 230, 236).

Finally, we conclude that the court properly denied plaintiffs' cross motion and granted defendants summary judgment pursuant to CPLR 3212 (b) on plaintiffs' claim for economic loss in excess of basic economic loss. Although a claim for economic loss does not require the plaintiff to have sustained a serious injury (*see generally Montgomery*, 38 NY2d at 47-48; *Colvin*, 15 AD3d at 900; *Barnes v Kociszewski*, 4 AD3d 824, 825), plaintiffs here "failed to produce any evidence in admissible form which supports such a claim" (*Watford v Boolukos*, 5 AD3d 475, 476; *see* Insurance Law §§ 5102 [a] [1] - [3]; 5104 [a]). While plaintiffs correctly contend that they need not await the full $50,000 payout for basic economic losses from their first-party no-fault policy before making a claim under Insurance Law § 5102 (a) for those additional economic losses that exceed the basic economic loss threshold, they still failed to establish that plaintiff's total economic losses here did actually "*exceed* basic economic loss" (*Watkins v Bank of Castile*, 172 AD2d 1061, 1062 [emphasis added]; *see Diaz v Lopresti*, 57 AD3d 832, 833).

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court