# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

10

CA 12-01385

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

WILLIAM JOSEPH DEANGELIS AND KAREN DEANGELIS,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

MARTENS FARMS, LLC,
DEFENDANT-APPELLANT-RESPONDENT,
AND KRISTIE E. MARION, DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

GOLDBERG SEGALLA LLP, SYRACUSE (KENNETH M. ALWEIS OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

SUGARMAN LAW FIRM, LLP, SYRACUSE (ESAM AHMAD ELBADAWI OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS-APPELLANTS.

BARTH SULLIVAN BEHR, SYRACUSE (DAVID WALSH OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal and cross appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered December 12, 2011. The order, among other things, denied the motion of defendant Martens Farms, LLC for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: This personal injury action arises out of a motor vehicle accident in which a vehicle operated by William Joseph DeAngelis (plaintiff) was rear-ended by a vehicle operated by defendant Kristie E. Marion. After the accident, it was discovered that diesel fuel had been spilled onto the roadway shortly before the accident by a truck owned by defendant Martens Farms, LLC (Martens), which occurred when the truck's fuel filter failed. We conclude that Supreme Court properly denied both Martens's motion for summary judgment dismissing the amended complaint and all cross claims against it and plaintiffs' motion for partial summary judgment on the issue of liability, i.e., negligence and serious injury (*see Ruzycki v Baker*, 301 AD2d 48, 51-52).

Martens's motion was based on the grounds, inter alia, that it neither caused nor had notice of the defect that resulted in diesel fuel being spilled on the roadway and that, in any event, the spilled fuel was not a proximate cause of the accident as a matter of law.

Martens failed to meet its initial burden of establishing as a matter of law that it neither caused the fuel leak nor had notice of a defect in the leaking fuel filter. It is well settled that a moving party "must affirmatively establish the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof" (*Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980; *see Lane v Texas Roadhouse Holdings, LLC*, 96 AD3d 1364, 1364; *Dodge v City of Hornell Indus. Dev. Agency*, 286 AD2d 902, 903). Even assuming, arguendo, that Martens met its initial burden of establishing that the spilled diesel fuel was not a proximate cause of the motor vehicle accident by offering the affidavit of its accident reconstruction expert, we conclude that plaintiffs raised an issue of fact by submitting an affidavit of their own accident reconstruction expert. As a result, "[t]he papers before the court on that issue 'presented a credibility battle between the parties' experts, and issues of credibility are properly left to a jury for its resolution' " (*Baity v General Elec. Co.*, 86 AD3d 948, 952; *see Barbuto v Winthrop Univ. Hosp.*, 305 AD2d 623, 624).

We likewise conclude with respect to plaintiffs' motion that, just as there are issues of fact precluding summary judgment in Martens's favor, those same issues of fact require denial of that part of plaintiffs' motion for partial summary judgment against Martens with respect to negligence, including proximate cause. In addition, while the fact that Marion's vehicle rear-ended plaintiff's stopped vehicle is prima facie evidence of Marion's negligence, the presence of diesel fuel on the road at the time of the accident rebuts the presumption of negligence by providing a nonnegligent explanation for the collision, thereby requiring denial of that part of plaintiffs' motion for partial summary judgment against Marion with respect to negligence (*see Ramadan v Maritato*, 50 AD3d 1620, 1621; *see also Dalton v Lucas*, 96 AD3d 1648, 1649-1650). Lastly, even assuming, arguendo, that plaintiffs met their initial burden in moving for partial summary judgment on the issue of serious injury, the papers submitted in opposition created an issue of fact regarding whether plaintiff sustained a serious injury in this motor vehicle accident (*see* Insurance Law § 5102 [d]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court