■ DONNA B. CLARK, Appellant, v FARMERS NEW CENTURY INSURANCE COMPANY, Sued Herein as FARMERS INSURANCE COMPANY, Respondent. [985 NYS2d 748]—

Garry, J. Appeal from an order of the Supreme Court (McDonough, J.), entered July 9, 2012 in Albany County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

In October 2004, plaintiff's vehicle was struck from behind by a vehicle driven by Kimberly Basco and, as a result of that collision, plaintiff allegedly suffered injuries, including traumatic brain injury, cognitive defects, posttraumatic stress disorder and loss of vision. Plaintiff thereafter commenced a personal injury action against Basco, alleging that she had suffered a serious injury within the meaning of Insurance Law § 5102 (d). Upon her motion, Supreme Court granted summary judgment to

Basco, finding that plaintiff failed to proffer sufficient objective medical evidence to demonstrate that she had sustained a serious injury. Plaintiff appealed that order.

During the pendency of that appeal, plaintiff asserted a claim pursuant to the supplementary uninsured/underinsured motorist (hereinafter SUM) endorsement contained within her automobile insurance policy issued by defendant. In October 2010, upon defendant's refusal to tender the SUM benefits, plaintiff pro se commenced this breach of contract action. In April 2011, this Court affirmed Supreme Court's award of summary judgment in the Basco action (*Clark v Basco*, 83 AD3d 1136 [2011]). Defendant then moved for summary judgment dismissing this action. Supreme Court granted defendant's motion on the ground of collateral estoppel. Plaintiff appeals.

We affirm. The equitable doctrine of collateral estoppel precludes a party from relitigating an issue when it was clearly raised in a prior action or proceeding and decided against that party in a final judgment on the merits after a full and fair opportunity to be heard (*see Matter of Feldman v Planning Bd. of the Town of Rochester*, 99 AD3d 1161, 1162-1163 [2012]; *Beneficial Homeowner Serv. Corp. v Mason*, 95 AD3d 1428, 1429 [2012]; *Gadani v DeBrino Caulking Assoc., Inc.*, 86 AD3d 689, 691 [2011]). Thus, " 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (*Matter of Feldman v Planning Bd. of the Town of Rochester*, 99 AD3d at 1163, quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see O'Connor v Demarest*, 74 AD3d 1522, 1523-1524 [2010]).

In the *Basco* action, Supreme Court found that plaintiff failed to proffer objective medical evidence to demonstrate that she suffered any causally-related serious injury within the meaning of Insurance Law § 5102 (d), and this Court affirmed that order. As proof of a serious injury is a condition precedent to maintaining a SUM action for noneconomic loss (*see Raffellini v State Farm Mut. Auto. Ins. Co.*, 9 NY3d 196, 205 [2007]; *see also* 11 NYCRR 60-2.3 [f]), Supreme Court properly awarded defendant summary judgment based upon collateral estoppel with regard to plaintiff's claim for noneconomic damages. As plaintiff argues, recovery of damages for economic loss in excess of basic economic loss does not require proof of a serious injury (*see Wilson v Colosimo*, 101 AD3d 1765, 1767 [2012]; *Colvin v Slawoniewski*, 15 AD3d 900, 900 [2005]). Nonetheless, searching the record, we find that plaintiff failed to plead or produce evidence supporting this claim (*see Wilson v Colosimo*, 101 AD3d at 1767; *Watford v Boolukos*, 5 AD3d 475, 476 [2004]).

Finally, we discern no basis in the record that would lend credence to the conclusion that Supreme Court abused its discretion in denying plaintiff's request for recusal (*see Matter of Adams v Bracci,* 100 AD3d 1214, 1215 [2012]; *Gonzalez v L'Oreal USA, Inc.,* 92 AD3d 1158, 1159-1160 [2012], *lv dismissed* 19 NY3d 874 [2012]). We have examined plaintiff's remaining claims and find them to be without merit.

Lahtinen, J.P., Stein and Rose, JJ., concur. Ordered that the order is affirmed, without costs.