# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**87**
**CA 16-00831**
PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

MICHAEL P. CICCO, PLAINTIFF-APPELLANT,

V                                                   MEMORANDUM AND ORDER

FRED S. DUROLEK AND ELAINE A. DUROLEK,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

LAW OFFICE OF ERIC B. GROSSMAN, WILLIAMSVILLE (ERIC B. GROSSMAN OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

ROE & ASSOCIATES, WILLIAMSVILLE (ROBERT E. GALLAGHER, JR., OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Frank
Caruso, J.), entered March 16, 2016.  The order, inter alia, denied
those parts of the motion of plaintiff for partial summary judgment on
the issues of whether he sustained a serious injury and whether he
incurred economic loss in excess of basic economic loss.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this action to recover damages for personal
injuries, plaintiff appeals from an order that, inter alia, denied
those parts of his motion for partial summary judgment on the issues
of whether he sustained a serious injury as a result of the motor
vehicle accident and whether he incurred economic loss in excess of
basic economic loss.  We affirm.  With respect to the issue of serious
injury, and even assuming, arguendo, that plaintiff met his initial
burden of demonstrating his entitlement to judgment as a matter of law
(see *DeAngelis v Martens Farms, LLC*, 104 AD3d 1125, 1126-1127; *Monette
v Trummer* [appeal No. 2], 96 AD3d 1547, 1549), we conclude that
defendants raised a triable issue of fact concerning whether
plaintiff's injuries were causally related to the accident or the
result of a preexisting injury to his lumbar spine (see *DeAngelis*, 104
AD3d at 1126-1127; *Monette*, 96 AD3d at 1549).  On this record, it is
not possible to determine as a matter of law whether the injuries of
plaintiff that were objectively ascertained after the accident were
the same injuries that were objectively ascertained before the
accident.  To the contrary, the conflicting opinions of the parties'
respective experts warrant a trial on the issue of serious injury (see
*Cooper v City of Rochester*, 16 AD3d 1117, 1118; see generally
*Selmensberger v Kaleida Health*, 45 AD3d 1435, 1436).

We likewise conclude that there are triable issues of fact concerning whether plaintiff sustained economic losses in excess of basic economic loss as a result of the accident (*see Colvin v Slawoniewski*, 15 AD3d 900, 900; *cf. Wilson v Colosimo*, 101 AD3d 1765, 1767; *Hartman-Jweid v Overbaugh*, 70 AD3d 1399, 1400-1401; *see generally* Insurance Law §§ 5102 [a]; 5104 [a]).

Entered:  February 10, 2017                      Frances E. Cafarell
                                                 Clerk of the Court