Mays v Green (2018 NY Slip Op 06659)





Mays v Green


2018 NY Slip Op 06659


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


999 CA 18-00559

[*1]ARLISA MAYS, PLAINTIFF-RESPONDENT-APPELLANT,
v
TYLER LEE GREEN, POWER & CONSTRUCTION GROUP, INC., AND LIVINGSTON ASSOCIATES, LLC, DEFENDANTS-APPELLANTS-RESPONDENTS. 






LAW OFFICES OF JOHN WALLACE, ROCHESTER (VALERIE L. BARBIC OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS. 
THE WRIGHT FIRM, LLC, ROCHESTER (RON F. WRIGHT OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered June 26, 2017. The order denied the motion of defendants for summary judgment dismissing the complaint and denied in part the cross motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle that she was driving was rear-ended by a vehicle driven by defendant Tyler Lee Green and owned by defendant Power & Construction Group, Inc. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law
§ 5102 (d) as a result of the accident, and plaintiff cross-moved for partial summary judgment on the issues of negligence, proximate cause and serious injury. Defendants appeal and plaintiff cross-appeals from an order that denied defendants' motion and granted only those parts of plaintiff's cross motion with respect to the issues of negligence and proximate cause. We affirm.
We note at the outset that defendants do not contend on appeal that Supreme Court erred in granting those parts of plaintiff's cross motion on the issues of negligence and proximate cause, and thus they have abandoned any such contention (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). Defendants instead contend that the court erred in denying their motion with respect to the issue of serious injury because they established as a matter of law that plaintiff's injuries were not causally related to the accident but, rather, resulted from a preexisting condition. We reject that contention. In support of the motion, defendants submitted medical records of plaintiff demonstrating that she complained of back pain seven months before the accident. At that time, a CT scan was performed and showed that plaintiff had a "mild broad-based posterior disc bulge" at L2-3. A post-accident CT scan, however, showed a disc extrusion at L2-3. Consequently, defendants failed to meet their initial burden inasmuch as their own submissions raised a triable issue of fact whether plaintiff's injury was exacerbated by the accident in question (see Durante v Hogan, 137 AD3d 1677, 1678 [4th Dept 2016]).
Even assuming, arguendo, that defendants satisfied their initial burden, we conclude that plaintiff raised a triable issue of fact by submitting medical evidence establishing that the subject accident caused a worsening of plaintiff's preexisting disc bulge. Furthermore, plaintiff's chiropractor, who had treated plaintiff from the time of the subject accident until her later surgery, concluded in his affidavit that the accident aggravated a previously asymptomatic condition, resulting in permanent injuries (see Grier v Mosey, 148 AD3d 1818, 1820 [4th Dept [*2]2017]; Croisdale v Weed, 139 AD3d 1363, 1364 [4th Dept 2016]; Fanti v McLaren, 110 AD3d 1493, 1494 [4th Dept 2013]). We reject defendants' related contention that a chiropractor is not competent to render an opinion based on CT or MRI film studies (see generally Education Law § 6551 [2] [a]; Rodriguez v First Student, Inc., 163 AD3d 1425, 1426 [4th Dept 2018]; Carpenter v Steadman, 149 AD3d 1599, 1600 [4th Dept 2017]; Howard v Robb, 78 AD3d 1589, 1589-1590 [4th Dept 2010]).
On plaintiff's cross appeal, we conclude that, just as there are issues of fact precluding summary judgment in defendants' favor, those same issues of fact require denial of that part of plaintiff's cross motion on the issue of serious injury. "On this record, it is not possible to determine as a matter of law whether the injuries of plaintiff that were objectively ascertained after the accident were the same injuries that were objectively ascertained before the accident. To the contrary, the conflicting opinions of the parties' respective experts warrant a trial on the issue of serious injury" (Cicco v Durolek, 147 AD3d 1487, 1488 [4th Dept 2017]).
Finally, assuming, arguendo, that plaintiff sought summary judgment on the issue whether her economic losses exceed the basic economic loss threshold, we conclude that there are triable issues of fact whether plaintiff's alleged economic losses were caused by the accident (see id.; see also Colvin v Slawoniewski, 15 AD3d 900, 900 [4th Dept 2005]).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court