Swanson v Dominesey (2020 NY Slip Op 05353)





Swanson v Dominesey


2020 NY Slip Op 05353


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


516 CA 19-01583

[*1]ERIK D. SWANSON, PLAINTIFF-APPELLANT,
v
DAVID DOMINESEY, DEFENDANT-RESPONDENT. 






JOSEPH (JED) E. DIETRICH, III, ESQ., WILLIAMSVILLE, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (ANTHONY R. BRIGHTON OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered January 22, 2019. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint with respect to the significant limitation of use and permanent consequential limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d) and with respect to the claim for economic loss in excess of basic economic loss, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries allegedly sustained as a result of a motor vehicle accident. Plaintiff asserted that, as a result of the collision, he suffered a serious injury under the significant limitation of use, permanent consequential limitation of use, and 90/180-day categories within the meaning of Insurance Law § 5102 (d). Defendant thereafter moved for summary judgment dismissing the complaint on the grounds that plaintiff did not sustain a serious injury that was causally related to the accident and did not sustain economic loss in excess of basic economic loss (see § 5102 [a]). Plaintiff appeals from an order granting the motion.
Contrary to plaintiff's contention, Supreme Court properly granted defendant's motion with respect to the 90/180-day category. Defendant submitted "competent evidence establishing that plaintiff's activities were not curtailed to a great extent and that [he] therefore did not sustain a serious injury under the 90/180[-day] category of serious injury," and plaintiff failed to raise a triable issue of fact with respect to that category (Wilson v Colosimo, 101 AD3d 1765, 1767 [4th Dept 2012] [internal quotation marks omitted]).
We agree with plaintiff, however, that the court erred in granting the motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury, and we therefore modify the order accordingly. Defendant failed to meet his initial burden of establishing that plaintiff did not sustain a serious injury under those categories that was causally related to the accident inasmuch as his own submissions raised triable issues of fact (see Barnes v Occhino, 171 AD3d 1455, 1456 [4th Dept 2019]; Mancuso v Collins, 32 AD3d 1325, 1326 [4th Dept 2006]). Even assuming, arguendo, that defendant met his initial burden to that extent, we conclude that plaintiff raised a triable issue of fact in opposition by submitting the expert affirmation of his surgeon (see Grier v Mosey, 148 AD3d 1818, 1819-1820 [4th Dept 2017]; see also Cicco v Durolek, 147 AD3d 1487, 1488 [4th Dept 2017]).
We likewise agree with plaintiff that the court erred in granting the motion insofar as it sought summary judgment dismissing the claim for economic loss in excess of basic economic [*2]loss inasmuch as there are triable issues of fact with respect thereto (cf. Cicco, 147 AD3d at 1488). We therefore further modify the order accordingly.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court