Totaro v Malinowski (2025 NY Slip Op 02678)

Totaro v Malinowski

2025 NY Slip Op 02678

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, NOWAK, AND KEANE, JJ.

159 CA 23-02164

[*1]NATHANIEL TOTARO, PLAINTIFF, AND KRISTINE SIMMONS-KINDRON, PLAINTIFF-APPELLANT,
v
BRIAN MALINOWSKI, DEFENDANT-RESPONDENT. 

PENBERTHY LAW GROUP LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF VICTOR M. WRIGHT, EDMESTON (RACHEL A. EMMINGER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Raymond W. Walter, J.), entered December 14, 2023. The order, inter alia, granted the motion of defendant for summary judgment and dismissed the complaint of plaintiff Kristine Simmons-Kindron. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint of plaintiff Kristine Simmons-Kindron, as amplified by the bill of particulars, with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d), and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking, among other things, to recover damages for injuries that Kristine Simmons-Kindron (plaintiff) allegedly sustained in an automobile accident with defendant. Plaintiffs alleged that, as a result of the accident, plaintiff suffered injuries that constituted serious injuries within the meaning of Insurance Law § 5102 (d) under the significant limitation of use, permanent consequential limitation of use, and 90/180-day categories. Plaintiff appeals from an order that, inter alia, granted defendant's motion for summary judgment dismissing the complaint as to plaintiff. We modify.
"On a motion for summary judgment dismissing a complaint that alleges serious injury under Insurance Law § 5102 (d), the defendant bears the initial burden of establishing by competent medical evidence that [the] plaintiff did not sustain a serious injury caused by the accident" (Gonyou v McLaughlin, 82 AD3d 1626, 1627 [4th Dept 2011] [internal quotation marks omitted]; see Cohen v Broten, 197 AD3d 949, 950 [4th Dept 2021]; Lamar v Anastasi, 188 AD3d 1637, 1637 [4th Dept 2020]).
Here, contrary to plaintiff's contention, Supreme Court properly granted the motion with respect to the 90/180-day category. Defendant submitted "competent evidence establishing that plaintiff's activities were not curtailed to a great extent and that [she] therefore did not sustain a serious injury under the 90/180[-day] category of serious injury," and plaintiff failed to raise a triable issue of fact with respect to that category (Wilson v Colosimo, 101 AD3d 1765, 1767 [4th Dept 2012] [internal quotation marks omitted]; see Swanson v Dominesey, 187 AD3d 1551, 1552 [4th Dept 2020]).
We agree with plaintiff, however, that the court erred in granting the motion with respect to the significant limitation of use and permanent consequential limitation of use categories, and we therefore modify the order accordingly. We conclude that defendant failed to meet his initial burden of establishing that plaintiff did not sustain a serious injury under those categories that was causally related to the accident inasmuch as his own submissions raised triable issues of fact [*2](see Barnes v Occhino, 171 AD3d 1455, 1456 [4th Dept 2019]; Mancuso v Collins, 32 AD3d 1325, 1325-1326 [4th Dept 2006]). With respect to plaintiff's alleged preexisting conditions, defendant failed to establish that plaintiff's "alleged injuries sustained in the accident were preexisting . . . or, if they were, that they were not exacerbated by the accident" (Clark v Aquino, 113 AD3d 1076, 1076 [4th Dept 2014] [internal quotation marks omitted]; see generally Pommells v Perez, 4 NY3d 566, 580 [2005]). Because defendant failed to meet his initial burden to that extent, "the burden never shifted to plaintiff to raise a triable issue of fact" (Tate v Brown, 125 AD3d 1397, 1398 [4th Dept 2015] [internal quotation marks omitted]; see Houston v Geerlings, 83 AD3d 1448, 1450 [4th Dept 2011]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court